LIZZIE LAVELLE, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals.    Opinion Filed March 7, 1922.

1. **INSURANCE: Life Insurance: Incontestable Clause: Construction: Determined by Law of State in Which Policy was Delivered.** The construction of an incontestable clause in a life insurance policy delivered at an insured's residence in another State, the law of which State was pleaded and proven, must be determined under the law of that State.

2. ————: ————: ————: **Illinois Statute: Defenses: Must be Asserted Within Period of Contestability: Death of Insured Makes no Difference.** Under the Standard Policy Act of Illinois (R. S. of Illinois, 1917, see 73, sec. 208u, subsection 3) an insurance company must assert its defense against liability on a life insurance policy containing an incontestable clause within the period named therein, either by an affirmative action to cancel the same or by a defense to a suit on the policy by the beneficiary within that period, and the fact that the insured died within the period makes no difference.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Fordyce, Holliday & White* for appellant.

*James J. O'Donohoe* for respondent.

(1) There is no evidence in this case tending to establish that the incontestability stipulation was inserted pursuant to the Illinois statute. Nor is there any evidence tending to show that, absent the statute, the stipulation would have been differently worded. And said stipulaion is more liberal than the statute. The legislature of the State of Illinois had the power to enact the statute. It violates neither the State nor National Constitution. Cravens v. Ins. Co., 148 Mo. 583, affirmed 178 U. S. 389. The incontestable clause forecloses all defenses "except non-payment of premium, after two years from its date," whether the insured survives that period or not. Monahan v. Ins. Co., 283 Ill. 136; Ebner v. Ins. Co., 121 N. E. 315; Hardy v. Ins. Co., 104 S. E. 166. The same rule obtains in Missouri. Harris v. Ins. Co., 248 Mo. 304. (2) In special circumstances such as substitution or absent an adequate defense at law to a suit on the policy, a court of equity will entertain a bill by an insurance company to cancel an insurance policy after the death of the insured. Carter v. Ins. Co., 275 Mo. 84; Ins. Co. v. Seifert, 210 Ill. 157. Rescission in equity will always be awarded on terms for fraud if suit is timely instituted. Zickert v. Times Square Auto Co., 181 Ill. App. 676; Donian v. Fox, 170 Ill. App. 41; Madson v. Clark, 165 Ill. App. 228.

BIGGS, C.—The appeal in this case was taken to the Supreme Court on the ground that a constitutional question was involved. That Court in an opinion reported in 231 S. W. 616, held that there was no valid constitutional question presented by the record, that they were without jurisdiction, and hence the cause was transferred here for determination.

The action is based upon an insurance policy dated June 30, 1909, in the sum of $500, which insured the life of John Lavelle, and named the plaintiff his widow as beneficiary. The insured died on March 18, 1910, and this suit was instituted before a justice of the peace on August 19, 1918, where the plaintiff had judgment. Upon an appeal to the circuit court plaintiff filed an amended petition, which is in conventional form, except that it alleged facts which show that the policy was a contract of the State of Illinois, in that the policy was delivered at Chicago, where the insured lived, and where he died on March 18, 1910; that demand was made upon the defendant to pay the policy on April 1, 1910, at which time defendant disclaimed all liability for reasons other than a failure to furnish proofs of death or to surrender the policy properly receipted. It is then alleged that the policy is an Illinois contract and contains a stipulation as follows:

*"Incontestable. This policy constitutes the entire contract between the parties and shall be incontestable, except for non-payment of premiums, after two years from its date."*

It is then averred that "at the times in question it was the unwritten, common and statutory law of the State of Illinois that the incontestable clause in policies inures to the benefit of the beneficiary after the death of insured as much so as it inures to the benefit of the insured during his lifetime, and that the insurer must assert its claim or defense within the contestable period, whether the insured survives that period or not, either by affirmative action or by defense to a suit brought on the policy within the contestable period; that otherwise every defense is shut off unless excepted in said clause; that among the Illinois cases so holding are the following: Monahan v. Metropolitan Life Ins. Co., 283 Ill. 136; Weil v. Federal Life Ins. Co., 264 Ill. 425; Flanigan v. Federal Life Ins. Co., 231 Ill. 399; Royal Circle v. Achterrath, 204 Ill. 549."

It is further alleged that all premiums were paid on the policy, and that the defendant failed to assert any claim of noninsurability or other claim within two years from the date of said policy by either affirmative action or defense, or any other manner whatsoever, and is therefore precluded from setting up any defense in this action.

The defendant filed no written pleading, but, after paying to the clerk of the court the sum of $27.56 as a tender of premiums paid on the policy, set up by oral statement and offer of proof, the defense that the insured procured the policy in suit by fraudulent misrepresentations, at the time of his application for the policy, of the fact that he was then suffering from and has been previously treated for the disease which subsequently caused his death.

Upon the trial the court excluded all of defendant's testimony to the effect that the deceased for sometime prior to his death suffered from a cancer and ultimately died from the effects of that disease, and at the conclusion of the trial peremptorily instructed the jury to return a verdict for the plaintiff, including principal and interest, which the jury did in the sum of $769. 75. Judgment being entered on this verdict defendant, after the customary steps, has duly perfected an appeal..

There are no controverted questions of facts in the case. The record presents a single legal question, viz: Whether under the Laws of Illinois the incontestable clause set forth in the policy bars all defenses, except non-payment of premiums, after two years from its date, whether the insured survives that period or not. It should be noted that the policy is dated June 30, 1909; that the insured died March 18, 1910, and that suit was instituted on the policy August 19, 1918. The evidence showed that about a week after the death of John Lavelle, plaintiff the beneficiary, after filing proofs of death with the defendant, demanded payment of the policy, at which time the defendant refused to pay, assigning as a reason

therefor, as testified by the plaintiff, that the insured was sick when the policy was issued.

The insured having died within two years and no action having been taken by the defendant company to cancel the policy within the two-year period from its date, it is asserted by plaintiff that the stipulation in the contract under the laws of the State of Illinois cuts off every defense against the policy not excepted in the stipulation.

It is contended by the defendant that the proper construction of the incontestable clause is that, after the policy shall have been in force two years, or if the insured shall survive two years after the date of the policy, it shall be incontestable, except for non-payment of premiums.

Whatever may have been the construction placed upon such clause in Missouri or elsewhere, outside of the State of Illinois, it is not our province to here decide. This is an Illinois contract. The law of that state was pleaded and proven, and the only question to determine is whether under such Illinois law defendant is barred from making the attempted defense under the policy after two years from its date where, as here, the insured died within that period.

The question seems to have been resolved against the defendant by the Illinois Supreme Court and the construction of the incontestable clause contended for by plaintiff upheld, namely, that under the clause the defendant has two years from the date of the policy in which to take affirmative action to cancel the same or by a defense to a suit on the policy by the beneficiary within that period, and that if no action is taken within the two-year period the defendant is cut off from all defenses except non-payment of premium, and the fact that the insured died within the period makes no difference .

The case of Monahan v. Metropolitan Life Ins. Co., 283 Ill. 136, so rules, and this seems to be conceded by defendant's counsel in the brief, but it is asserted that the

policy in the Monahan case was dated prior to the passage of the so called Standard Policy Act of Illinois (R. S. of Ill. 1917, chap. 73, sec. 208—U, subsection 3), while the policy in suit was written subsequent to its passage and that therefore the language used in the incontestable clause in this case was not chosen by the insurer but is a requirement of the statute, and hence a different rule of construction should be applied than in a case where (as in the Monahan case) the company chooses the language in the policy and which is construed most strongly against the insurer in the event of uncertainty or ambiguity. The clause construed in the Monahan case was "after two years this policy shall be noncontestable except for nonpayment of premiums as stipulated." The language of the statute referred to is substantially the language used in the policy in suit. They are all in affect the same. While it is said in the Monahan case that the question whether a different rule of constructiion applied where a statute requires the insertion of specific language in a policy, was not presented, it appears from a reading of the opinion that the court's construction of the language used would have been the same even though the policy in the case had been written subsequent to the passage of the act. Note the following from page 140 of 283 Illinois:

"There is nothing in this clause to indicate that the parties were contracting that plaintiff in error should have two years during the lifetime of Fay in which to investigate and determine whether false statements had been made in the application for insurance. Plaintiff in error reserves two years' time in which to make such investigation and to determine whether there has been such a branch of warranty as would authorize it to rescind its contract. This clause can be construed as insisted upon by plaintiff in error only by reading into it that which is not there."

It is evident from this language that the court did not consider the clause uncertain or ambiguous in any particular.

In Ramsey v. Old Colony Ins. Co., 297 Ill. 592, a case where the policy was written subsequent to the passage of the statute, the Supreme Court of Illinois approved the ruling in the Monahan case and gave to the clause there used, and which followed the language of the statute, the same construction as was given to the clause in the Monahan case. The opinion in the Ramsey case answers all the contentions made by the defendant in the present case, including its contention that under the law of Illinois it could not maintain a bill in equity to cancel the policy for fraud after the death of the insured, but must await suit on the policy and then make its defense.

The Monahan and Ramsey cases establish the rule of the Illinois court that, where the clause in the policy to the effect that after a certain period from its date the policy shall be incontestable except for nonpayment of premiums, the insurance company must assert its defense against liability on the policy, either by affirmative action or by a defense to a suit on the policy by the beneficiary within that period. Absent such action on the part of the company, all defenses against the policy are cut off, except nonpayment of premium and proof of death. Such is the law that governs this case, as it is conceded that the policy in suit is an Illinois contract and is governed by the law of that State, which was duly pleaded and proven.

The Indiana, North Carolina and North Dakota courts have placed similar construction upon the same character of incontestable clause. [See Ebner v. Ins. Co., 121 N. E. (Ind. App.) 315; Hardy v. Ins. Co., 180, N. C. 180, 104 S. E. 166; Plotner v. Ins. Co., 183 (N. D.) 1000.]

It follows that there was no error in directing a verdict for the plaintiff and that the judgment of the trial court should be affirmed.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J., Becker,* and *Daues, JJ.,* concur.