(No. 13799.—Judgment affirmed.)

DORA JOSEPH, Defendant in Error, *vs.* THE NEW YORK
LIFE INSURANCE COMPANY, Plaintiff in Error.

*Opinion filed April 18, 1923.*

1. INSURANCE—*party insured is entitled to favorable construction of ambiguous clause.* Where a clause in an insurance policy is susceptible of two interpretations that construction will be adopted which is more favorable to the insured, as the language of the policy is ordinarily that of the insurer, and equivocal expressions are to be taken most strongly against the insurer.

2. SAME—*when ambiguous provision as to fraud will be construed in favor of insured.* Where an insurance policy provides that "all statements made by the insured shall in absence of fraud be deemed representations and not warranties, and no such statements shall avoid this policy" unless contained in the written application therefor, it must be construed that the phrase "in absence of fraud" applies only to that part of the sentence in which it is used, and does not allow the insurer to set up in defense to a suit on the policy fraudulent oral statements of the applicant in his physical examination, which statements are not alleged to be contained in the written application.

3. SAME—*when defendant may file additional pleas after expiration of contestable period.* Where the insurer has filed a plea in defense of a suit on life insurance policies within the time allowed in the policies for contesting liability, such a plea constitutes a contest of the policies although it alleges oral misrepresentations which are not a good defense, and after the expiration of the contestable period additional pleas may be filed showing that such misrepresentations were contained in the written application for the insurance.

4. SAME—*when judgment must be rendered for the plaintiff on pleadings.* Where pleas in defense to a suit on life insurance policies allege that the insured in his written application for the insurance made false and fraudulent answers, and replications are filed averring that all of the insured's representations were full, complete and true, a general demurrer filed by the defendant admits the averment of the replications and necessitates a judgment for the plaintiff on the pleadings.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

HAMLIN, TOPLIFF & COOPER, (JAMES H. McINTOSH, and LOUIS H. COOKE, of counsel,) for plaintiff in error.

MOSES, ROSENTHAL & KENNEDY, (WALTER BACHRACH, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The New York Life Insurance Company issued two policies of insurance on March 1, 1913, on the life of Simon Joseph for the aggregate amount of $3000, payable to Dora Joseph, his wife, upon proof of his death during the continuance of the policies. He died on March 30, 1913, and the beneficiary brought an action on the policies on July 9, 1913, in which numerous pleadings were filed, and a judgment on the pleadings followed some six years later against the insurance company for $3861.67, the amount of the policies, with interest. The Appellate Court affirmed this judgment, and the record has been certified to this court as a return to a writ of *certiorari.*

The defense which the defendant sought to make was fraud in the procurement of the policies, and the questions presented by the record are as to the sufficiency of the defense as it appears in the pleadings.

The policies, which are copied in the declaration, together with the respective applications therefor, which were attached to them, were in conformity with the statute of 1907, (Laws of 1907, p. 367,) and were declared to constitute the entire contracts between the parties. Each contained the provision that it should be incontestable after one year except for non-payment of premium. The language of the policies went further than the requirements of the statute by limiting the contestable period to one year instead of two and by the following language which each policy contained: "All statements made by the insured shall in absence of fraud be deemed representations and not warranties, and no such statements shall avoid this pol-

icy or be used in defense to a claim hereunder unless it be contained in said written application, a copy of which was attached to this policy when delivered."

The defendant filed two pleas on September 26, 1913, the first the general issue, and the second a special plea. On May 25, 1914, it filed eight additional pleas. The general issue and four of the additional pleas were withdrawn, leaving the second plea and the third, fourth, fifth and sixth additional pleas. The plaintiff filed eight replications to the second plea and seven to the four additional pleas. Two of these latter replications were withdrawn, leaving five replications, numbered 9, 10, 11, 12 and 13, to the four additional pleas. A demurrer by the defendant to the eight replications to the second plea was on motion of the plaintiff carried back to that plea and sustained. A demurrer by the defendant to the ninth, tenth, eleventh, twelfth and thirteenth replications was overruled. The defendant elected to stand by its second plea and its demurrer to the replications, and a judgment was rendered against it.

The second plea alleged that the insured presented himself to a medical examiner for the defendant and requested to be examined physically and orally for the purpose of obtaining a policy of insurance on his life; that the examiner examined him orally and physically and asked him the questions whether he had ever raised or spat blood, whether he had ever had or suffered from any of certain named diseases, whether he had consulted any physician for any ailment or illness not mentioned in the questions, and whether he had recently lost weight. To all these questions Joseph answered "no," and the examiner asked him if his answers were full, complete and true, and he answered that they were. The examiner asked him if he believed that he was a proper subject for life insurance, and Joseph said to the best of his knowledge and belief he was. The plea averred that each of the answers was false, Joseph knew them to be false, knew they were to be relied and acted upon by

the defendant in determining upon the issue of policies of insurance upon his life, and they were made for the purpose of defrauding and deceiving the defendant. It was averred that Joseph had for over six months been passing blood, had lost approximately thirty pounds in weight during the previous year, and prior to and at the time of the examination was under the care of a physician for inflammation of the bowels caused by cancer of the intestines, and was preparing for an operation for the removal of the cancer; that after the operation had been performed he died on March 29, 1913, as a result of the operation; that he had been under the care of a physician for that disease long prior to the examination; that the questions and answers were each material to the risk of the contract of insurance; that the defendant and its examiner believed the answers to be true and relied upon them and delivered the policies to Joseph; that they would not have done so if Joseph had answered any of the questions truthfully, and that upon the discovery of the fraud the defendant on April 26, 1913, tendered to the plaintiff $140.10, being the sum received by the defendant from Joseph for the policies with interest to the date of the tender, and notified the plaintiff that the contracts were void and that it rescinded them.

While the questions and answers set out in the plea were the same as those contained in the applications attached to the policies except the one concerning loss of weight, the questions were alleged to have been asked and the answers to have been made orally, and the allegations of the plea therefore showed them not to be a part of the contracts in conformity with the language of the policies, as well as the requirement of the statute that the policies and the applications indorsed on or attached to them constituted the entire contract between the parties. The policies contained the stipulation that "all statements made by the insured shall in absence of fraud be deemed representations and not warranties, and no such statements shall

avoid this policy or be used in defense to a claim hereunder unless it be contained in said written application, a copy of which was attached to this policy when delivered." The object and effect of this stipulation is to provide that no statement made by the insured shall be used in defense against a claim on the policy unless contained in the written application, of which a copy must be indorsed on or attached to the policy. The language of the stipulation is ambiguous. What statements will not avoid the policy and may not be used in defense to a claim under it unless contained in the written application? Statements made by the insured, says the defendant in error; statements made in absence of fraud, says the plaintiff in error. Statements made by the insured, certainly; but whether the word "such," qualifying the second word "statement," carries with it also the qualifying phrase "in absence of fraud," as contained in the first clause, is by no means clear. The language is not that of the statute but is the voluntary language of the insurer, and if its meaning is uncertain it must receive the construction most favorable to the insured or his beneficiary.

It is a recognized rule of construction of contracts of insurance where a clause in a policy is susceptible of two interpretations, to adopt that construction which is most favorable to the insured. The language in which the covenants and conditions of policies of insurance are expressed is that of the companies and is selected by them to express clearly the extent of their obligation and the limitations of their liability. Equivocal expressions are therefore to be interpreted most strongly against the company. (*Commercial Ins. Co.* v. *Robinson*, 64 Ill. 265.) If doubts exist the language must be liberally construed in favor of the insured, so as not to defeat, except by clear and certain language, his claim to indemnity. (*Niagara Fire Ins. Co.* v. *Scammon*, 100 Ill. 644; *Forest City Ins. Co.* v. *Hardesty*, 182 id. 39; *Terwilliger* v. *National Masonic Accident Ass'n*,

308—7

*197* id. 9; *Monahan* v. *Fidelity Mutual Life Ins. Co.* 242 id. 488.) "It is a rule of law as well as of ethics, that when the language of a promisor may be understood in more sense than one, it is to be interpreted in the sense in which he had reason to suppose it was understood by the promisee." (*Hoffman* v. *Ætna Life Ins. Co.* 32 N. Y. 413.) In accordance with this rule of construction the stipulation must be regarded as excluding from use to avoid the policies or in defense of claims under them, statements made by the insured not contained in the written obligation. Therefore it was not error to sustain the demurrer to the plea.

The additional pleas were substantially the same as the second plea, except that instead of alleging that the questions and answers were oral, it was alleged that they were contained in the applications attached to the policies. The same allegations were made as in the second plea,—that the answers were false and known by Joseph to be false, and were made for the purpose of deceiving, and did deceive, the defendant, and that relying upon their truth the defendant issued the policies. The pleas clearly alleged fraud in procuring the policies of such character as was available to the company as a defense. The plaintiff filed a replication to each of the four additional pleas, being the tenth, eleventh, twelfth and thirteenth replications, averring that the question put to Joseph concerning his loss of weight was not contained in the written applications; that Joseph did not know that he had ever had any of the diseases about which he was asked but believed that he had not; that he had not consulted any physician for any ailment not mentioned in his answer to the questions put; that all his answers were full, complete and true, and Joseph believed at the time he was a proper subject for life insurance.

The ninth replication, which was to all of the additional pleas, recited the incontestable clause of the policies and the dates showing that the pleas were not filed within one year

from date of the policies, and averred that defendant did not, by the institution of any suit or proceeding to rescind, cancel or annul the policies, contest them within one year from their respective dates of issue. The record in the case showed that the pleas were not filed within one year from the date of the issue of the policies, but it also showed that the defendant had contested the policies within one year from their date of issue by a plea in this case alleging fraud in procuring them. It is true that the plea did not allege a good defense but it did contest the policies. It was amendable, and though it was not amended the additional pleas were in effect amendments of the second plea. They set out the same representations to the medical examiner and in addition stated that the questions and answers were written in the application attached to the policies and signed by the insured. Having within the time limited by the policies contested them in this proceeding to enforce them, the defendant was not compelled to abandon its contest by the expiration of a year from the date of the policies or excluded from prosecuting its contest and subsequently making a more perfect statement of the ground of such contest either by way of amendment of its plea or the filing of additional pleas. The demurrer to the ninth replication should therefore have been sustained.

The averment contained in the tenth, eleventh, twelfth and thirteenth replications, that all of Joseph's answers were full, complete and true, was a complete answer to the charge in the pleas that they were false and fraudulent. Whether they were, in fact, true or false might have been determined from the evidence on a trial if an issue as to the fact had been formed. The defendant, however, filed a general demurrer, which admitted the allegation of the replications that the answers were true. This demurrer was properly overruled, and a judgment for the plaintiff on the pleadings necessarily followed.

*Judgment affirmed.*