## NORTHWESTERN MUT. LIFE INS. CO. v. PICKERING.*

(Circuit Court of Appeals, Fifth Circuit.   October 23, 1923.)

### No. 4137.

**1. Insurance ⬉400—Construction of clause limiting time for contesting policy.**

The limitation of time for contesting a policy is a matter of contract, and under a clause making the policy incontestable after one year the time elapsing between the death of insured and the appointment of an administrator of his estate is not excluded in computing the year.

**2. Insurance ⬉400—Insurer held barred from contesting policy after time limited therein.**

Under a life policy providing that it should be incontestable, except for nonpayment of premiums, after one year, where the insurer had knowledge of a ground of contest several months before expiration of the year, and after appointment of an administrator for the estate of insured, but failed to institute suit for cancellation of the policy, it cannot allege such ground in defense to an action on the policy commenced after expiration of the year.

**3. Insurance ⬉400—"Contest" of policy means contest by litigation.**

A clause in a life policy making it incontestable after one year imports a contest by litigation, and a mere notice of repudiation of the policy and tender back of premiums paid, within the year, is not such a "contest," and does not extend the period of limitation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contest.]

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action at law by V. C. Pickering, administrator of Ralph W. Harris, deceased, against the Northwestern Mutual Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Sam P. Maddox, of Dalton, Ga. (H. N. Laflin, of Milwaukee, Wis., and Maddox, McCamy & McFarland, of Dalton, Ga., on the brief), for plaintiff in error.

John D. Little, Arthur G. Powell, Marion Smith, and Max F. Goldstein, all of Atlanta, Ga. (Chas. N. King, of Chatsworth, Ga., and Little, Powell, Smith & Goldstein, of Atlanta, Ga., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This action was brought in July, 1922, by the defendant in error, as administrator of the estate of Ralph M. Harris, deceased, on a policy of life insurance issued by the plaintiff in error to said Harris on July 2, 1920; such policy being payable to the personal representative of the deceased insured. The parties are herein referred to by their designations in the court below. The instrument sued on, a copy of which was attached to and made a part of the petition, contained the following provisions:

"This policy shall be incontestable after one year from its date of issue, except for a nonpayment of premium. * * * This policy may be reinstated at any time within three years succeeding default in premium payment, but

not later than five years from its date, upon evidence satisfactory to the company of the insurability of the insured, and payment of the premium arrears, with interest at the rate of 5 per cent. per annum."

The petition alleged that said insured died on the 7th day of December, 1921, that plaintiff was appointed and qualified as administrator of the deceased's estate on the 11th day of February, 1922, and prior thereto, to wit, on the 16th day of December, 1921, was appointed and qualified as temporary administrator. The defendant excepted to the action of the court in sustaining a motion of plaintiff to strike paragraphs of defendant's answer to the petition which alleged as follows: The insured's application, which was attached to the original policy, stated in substance, in answer to questions, that he occasionally took a social drink, at most three or four drinks a year, that he did not use intoxicating liquors habitually, that he had not used them to the extent of intoxication during the preceding ten years, and that he had never taken treatment for alcoholic habits. At the expiration of the first year after the issuance of said policy, said Harris having failed to pay the second year's premium, the policy lapsed pursuant to its terms.

In accordance with the terms of the policy said Harris, on September 19, 1921, made his written application to defendant for the reinstatement of said policy. In that application, in reply to questions asked as to his habits as to the use of intoxicants, he stated that they were the same as at the time of his application for the policy, he taking an occasional drink. Acting on that statement, and believing the same, and being materially influenced thereby, defendant reinstated said policy, upon Harris paying the premium thereon for an additional term. Said last-mentioned statement was false and untrue, and was known to Harris to be false and untrue, and was made willfully and intentionally, and for the purpose of deceiving defendant and inducing it to reinstate said policy. Defendant did not know of the truth of deceased's habits in the use of intoxicants until plaintiff had submitted proofs of said death. The proofs of death consisted of a certified copy of a verdict of a coroner's jury finding that deceased, having been on a continued spree for some days, his system became depleted and he froze to death.

At once upon the discovery of said fraud, defendant elected to rescind said insurance contract, repudiated its liability on said policy, notified the plaintiff of such repudiation, and tendered him the amount of the premium paid by Harris when the policy was reinstated, with interest thereon. Defendant refused to accept same, and plaintiff has been at all times ready and willing to pay the same to plaintiff, and now tenders the same. The defendant's repudiation of its liability was made by its attorney, on or about April 11, 1922, tendering the premium paid by said Harris when the policy was reinstated, and telling plaintiff that the policy would not be paid and that the collection of it would be resisted in the courts. In May, 1922, defendant, in response to a written demand by the plaintiff, denied liability on the policy and declined to make a payment thereon. Defendant's answer was filed in November, 1922, and was amended in May, 1923.

It may be assumed, without being decided, that under the terms of the policy it was contestable by the defendant, within one year from

293 F.—32

the date of the reinstatement, for fraud of the insured in procuring the reinstatement, though at the time of the reinstatement more than a year had elapsed since the issuance of the policy. It also may be assumed, without being decided, that, because of the nonexistence between the date of the insured's death, December 7, 1921, and the date of the appointment of an administrator of his estate, February 11, 1922, of any one capable of being made an adverse party to a contest of the policy sued on, the defendant could not have contested that policy during that time. The plea disclosed that the defendant would not have contested the policy during that time, if there had been in existence one who could have been made an adverse party to such a contest, as the plea also disclosed that the defendant was not informed of the fraud relied on as the ground of contest until the plaintiff, after his appointment as administrator, submitted to defendant proofs of the insured's death.

Between the date of the discovery by the defendant of the existence of a ground for contesting the policy and the date of the expiration of one year from the reinstatement of the policy, there was no obstacle to the institution of a contest by the defendant. Under the circumstances disclosed by the plea, defendant's failure to contest between the date of the insured's death and the date of the appointment of an administrator of his estate could not be attributed to the nonexistence during that time of a person who could be made an adverse party to such contest.

[1] The clause in question is a contractual limitation on the insured's right to contest, except for nonpayment of premium. There is no stipulation for a suspension of the running of the limitation during the time elapsing between the date of the insured's death and the date of the appointment of his personal representative. The rights of the parties flow from the contract, which does not stipulate for a suspension of the running of the limitation. Riddlesbarger v. Hartford Insurance Co., 7 Wall. 386, 391, 19 L. Ed. 257.

[2] The part of the plea which was stricken does not disclose the case of an insured being deprived by the action or nonaction of beneficiaries under the policy of a reasonable opportunity to contest within a year from the date of the reinstatement. On the contrary, it is disclosed that during the period of more than seven months prior to the expiration of one year from the date of the reinstatement there was no obstacle to prevent the institution of a contest, and that the ground for contest relied on was discovered during that period. That being so, the lack of administration on the insured's estate for a short time prior to the insurer's discovery of a ground of contest was without influence on the conduct of the insurer, and cannot excuse the insurer's failure to contest within the time allowed.

A different question would have been presented if those who would have been benefited by the payment of the insurance money had been responsible for a postponement of the appointment of a personal representative of the deceased insured until shortly before or after the expiration of a year from the date of the reinstatement of the policy, with the result of depriving the insurer of a reasonable opportunity for contesting within the time allowed.

[3] An effect of the provision in question was to fix a time limit for a contest of the policy by the insurer on a ground other than the non-payment of premium. A contest so provided for imports litigation, the invoking of judicial action to cancel or prevent the enforcement of the policy, either by a suit to that end or by a defense to an action on the policy. A mere denial or repudiation by the insurer of its liability under the policy, accompanied by a tender of the premium paid, is not a contest, within the meaning of the provision. American Trust Co. v. Life Insurance Co., 173 N. C. 558, 92 S. E. 706; Lavelle v. Metropolitan Life Ins. Co., 209 Mo. App. 330, 238 S. W. 504; Pratt v. Breckinridge, 112 Ky. 1, 23, 65 S. W. 136, 66 S. W. 405. The stricken part of the answer does not show that prior to the filing of the answer the defendant took any action amounting to the institution of of a contest of the policy. So far as the record discloses, there was no contest of the policy until defendant's answer was filed more than a year after the date of the reinstatement.

The conclusion is that the part of the answer which was stricken did not show that the policy sued on was contested within one year from the date of the reinstatement or an excuse for a failure to contest within that time, and that reversible error was not committed in sustaining the motion to strike averments which disclosed no ground of defense to the action.

The judgment is affirmed.