REPALA *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE CO.

1. INSURANCE — LIFE INSURANCE — DENIAL OF LIABILITY NOT A CONTEST.

Where a life insurance policy contained a provision that it should be incontestable after one year, denial of liability by the insurer on the ground that insured made false statements concerning his health, and tender of return of premiums within the year, *held*, not a contest within the

On effect of death of insured as interrupting period after which policy is incontestable, see note in L. R. A. 1918D, 1198.

The question as to when incontestable clause in life insurance policy becomes effective on death of insured before end of contestable period, see note in 31 A. L. R. 108.

meaning of said incontestable clause, which imports litigation, the invoking of judicial action to cancel the policy.[1]

2. WITNESSES—PHYSICIANS AND SURGEONS—PRIVILEGE—WAIVER.
   In an action on a life insurance policy, where liability was denied by insurer because of claimed false statements by insured concerning his health, a statement by a physician in a certificate filed by plaintiff with proofs of death that insured had pulmonary tuberculosis prior to issuance of policy, *held*, not to require a directed verdict for defendant, since said information was gained while treating insured professionally and was privileged under the statute (3 Comp. Laws 1915, § 12550), which was not waived by submitting it as part of the proofs of death.[2]

3. INSURANCE — CONTESTABLE PERIOD A STATUTE OF LIMITATIONS NOT INTERRUPTED BY DEATH OF INSURED.
   Where a life insurance policy contains a clause that it shall be incontestable after one year, there is no injustice to the insurer in holding that the contestable period is a short statute of limitations which continues until the end of the period fixed, and is not interrupted by the death of the insured.[3]

Error to Wayne; Miller (Guy A.), J.    Submitted October 9, 1924.    (Docket No. 60.)    Decided December 31, 1924.

Assumpsit by Victoria Repala against the John Hancock Mutual Life Insurance Company on a policy of insurance.    Judgment for plaintiff on a directed verdict.    Defendant brings error.    Affirmed.

*Campbell, Bulkley & Ledyard (Edward P. Wright,* of counsel), for appellant.

*Fred H. Aldrich* and *O. Z. Ide,* for appellee.

BIRD, J.    Plaintiff brought suit to recover on a life insurance policy issued by defendant, agreeing to pay her as beneficiary $1,000 in the event of the death of her husband, Joseph Repala.    When the proofs were

---

[1]Life Insurance, 25 Cyc. p. 873; [2]Id., 25 Cyc. p. 941: Witnesses, 40 Cyc. p. 2399 (1926 Anno); [3]Id., 25 C. J. p. 873 (1926 Anno),

concluded the trial court directed a verdict for the plaintiff for the amount of the policy with accrued interest.

The policy was issued on May 27, 1921, and contained the following clause, which is material to this controversy:

"This policy contains no restrictions, * * * and shall be incontestable after one year from its date of issue except for nonpayment of premium." * * *

The insured, Joseph Repala, died November 18, 1921. Proofs of death were perfected and delivered to the company, but it declined to pay, on the ground that the insured obtained the policy by means of false statements concerning his health. With this declination it tendered to plaintiff the premiums which had been paid by the insured. Plaintiff filed her suit on June 13, 1922. On October 2, 1922, defendant filed its plea of the general issue and gave notice of its special defenses of fraud. At the trial plaintiff introduced the policy and the proofs of death, and rested. Defendant offered to show that:

"On January 3, 1922, the premiums paid on the policy were tendered to the plaintiff, and she was at that time notified that the policy was considered void by reason of the fact that the company had been induced to enter into it through the misrepresentations of the deceased, as to the condition of his health at the time of the application for insurance."

This offer was objected to by the plaintiff under the incontestable clause of the policy. The court sustained the objection, and this raises one of the principal questions of the case, namely, whether a tender of the premiums to plaintiff within the year, with the statement that the policy was obtained by the misrepresentations of the insured, was a contest within the meaning of the incontestable clause of the policy.

229—Mich.—30.

1. It is clear from the holding in *Becker* v. *Insurance Co.*, 227 Mich. 388, that the trial court was right in excluding defendant's offer, unless it can be said that a denial of liability on the ground of misrepresentations in the application concerning the insured's health and a tender of the premiums paid was so far in the nature of a contest that the defense was permissible.

It appears to be settled by many Federal and State courts that a denial of liability and a tender of the premiums paid is not a contest within the meaning of those clauses. In *Northwestern Mut. Life Ins. Co.* v. *Pickering*, 293 Fed. 496, the situation was very similar to the one in the present case. Within the contestable period the company repudiated the claim and tendered the premiums paid. In discussing the effect of this the court said:

"The effect of the provision in question was to fix a time limit for a contest of the policy by the insurer, on a ground other than the nonpayment of premium. A contest so provided for imports litigation, the invoking of judicial action to cancel or prevent the enforcement of the policy, either by a suit to that end, or by a defense to an action on the policy. A mere denial or repudiation by the insurer of its liability under the policy, accompanied by a tender of the premium paid, is not a contest, within the meaning of the provision. *American Trust Co.* v. *Insurance Co.*, 173 N. C. 558 (92 S. E. 706); *Lavelle* v. *Insurance Co.*, 209 Mo. App. 330 (238 S. W. 504); *Pratt* v. *Breckenridge*, 112 Ky. 1, 23 (65 S. W. 136, 66 S. W. 405). The stricken part of the answer does not show that prior to the filing of the answer the defendant took any action amounting to the institution of a contest of the policy. So far as the record discloses there was no contest of the policy until defendant's answer was filed more than a year after the date of the reinstatement."

Similar holdings are: *Jefferson Standard Life Ins. Co.* v. *McIntyre*, 294 Fed. 886; *Humpston* v. *Assurance Co.*, 148 Tenn. 439 (256 S. W. 438); *Powell* v. *Insur-*

*ance Co.,* 229 Ill. App. 59. While there have been some exceptions to this rule under peculiar circumstances, we are inclined to follow it and hold that what was done by defendant in this case, within the contestable period, did not amount to a contest.

2. In another assignment complaint is made that the trial court should have directed a verdict for the defendant at the close of the case because plaintiff's proofs showed on their face that the insured was guilty of making fraudulent statements concerning his health in his application. This is based upon the answer of Dr. Johnson that on April 28, 1921, he examined the chest of the insured and "made diagnosis of pulmonary T. B. and confirmed it on May 6, 1921, by positive sputum." If this statement of Dr. Johnson were otherwise competent to bind plaintiff as an admission it would be rendered incompetent by the statute. Dr. Johnson's certificate shows that he gained his knowledge or information by treating the deceased professionally. This would render it privileged under the statute. 3 Comp. Laws 1915, § 12550. The plaintiff, by submitting it as a part of the proofs of death, could not, by so doing, waive the privilege of the statute. *Gilchrist* v. *Mystic Workers,* 188 Mich. 466 (Ann. Cas. 1918C, 757).

3. Counsel cite several cases opposed to our holding in *Becker* v. *Insurance Co., supra,* and ask us to reconsider and reverse our construction of the contestable period. When that case was decided we were aware that the courts were not in unison on the question, but our consideration of the question, however, led us to the belief that the rule announced in the *Becker Case* was the better one. There would seem to be no injustice in holding that the contestable period is a short statute of limitations, which continues until the end of the period fixed by the contract or statute, and is not interrupted by the death of the insured. If the death of the insured occurs within

the period it is no great hardship for the insurer to file a bill to cancel the policy if it desires to make a defense.

The judgment of the trial court is affirmed.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.