## CHUN NGIT NGAN v. PRUDENTIAL INS. CO. OF AMERICA.

(Circuit Court of Appeals, Ninth Circuit. November 16, 1925.)

No. 4660.

1. Insurance ☞400—"Contest" of policy means contest by litigation.

Clause in life policy making it incontestable after one year imports contest by litigation, and mere notice of repudiation of policy and

tender back of premiums paid is not such "contest" and does not extend period of limitation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contest.]

2. Insurance ☞400—Insured's administrator not necessary or proper party in insurer's suit to annul life policy payable to insured's wife.

Where insured's wife was beneficiary of his life policy, his administrator was not necessary nor proper party to insurer's suit to annul policy, and time between insured's death and appointment of administrator was not excluded in computing year after which policy was incontestable.

3. Courts ☞96(I)—Construction by territorial Supreme Court of incontestable clause held not binding on Circuit Court of Appeals.

Incontestable clause of life policy, though prescribed by statute of territory of Hawaii (Rev. St. 1925, § 3464, subd. 3), derives its force from consent of parties and not from statute, and construction thereof by territorial Supreme Court is not binding on Circuit Court of Appeals.

In Error to the Supreme Court of the Territory of Hawaii.

Action by Chun Ngit Ngan against the Prudential Insurance Company of America. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Thompson, Cathcart & Beebe, Frank E. Thompson, Eugene H. Beebe, and Marguerite K. Ashford, all of Honolulu, Hawaii, for plaintiff in error.

Frear, Prosser, Anderson & Marx, W. F. Frear, Mason F. Prosser, and Robbins B. Anderson, all of Honolulu, Hawaii, for defendant in error.

Before GILBERT, RUDKIN, and Mc-CAMANT, Circuit Judges.

RUDKIN, Circuit Judge. This was an action on a life insurance policy containing the familiar clause: "This policy shall be incontestable after one year from its date, except for nonpayment of premium, but if the age of the insured be misstated the amount or amounts payable under this policy shall be such as the premium would have purchased at the correct age." The policy was issued May 1, 1922, and the insured died of tuberculosis about nine months thereafter. After his death, but within the year from the date of the issuance of the policy, the insurance company tendered to the beneficiary all premiums theretofore paid and demanded a return of the policy on the ground that the insured had made false and fraudulent representations concerning his health in his application for the insurance. Beyond this tender, demand, and notice, no

action was taken by the insurance company to contest the policy within the year, either by way of defense to an action at law on the policy or by independent suit in equity to cancel it because of fraud in its procurement. Did the tender, demand, and notice constitute a contest within the meaning of the policy? The Supreme Court of the territory answered this question in the affirmative, the chief justice dissenting, and the case has been brought here by writ of error.

[1] The overwhelming weight of authority supports the rule that the incontestable clause commonly found in life insurance policies is in effect a short period of limitation, and that a policy can only be contested within the meaning of the clause by proceedings in court to which the insurer and the insured, or his representative or beneficiary, are parties. A mere attempt on the part of one of the parties to the contract to cancel it for fraud where no such right or power is reserved in the contract itself is futile. Indiana Nat. Life Ins. Co. v. McGinnis, 180 Ind. 9, 101 N. E. 289, 45 L. R. A. (N. S.) 192; American Trust Co. v. Life Ins. Co., 173 N. C. 558, 92 S. E. 706; Murray v. State Mut. Life Ins. Co., 22 R. I. 524, 48 A. 800, 53 L. R. A. 742; Lavelle v. Metropolitan Life Ins. Co., 209 Mo. App. 330, 238 S. W. 504; Mutual Life Ins. Co. v. Buford, 61 Okl. 158, 160 P. 928; Monahan v. Metropolitan Life Ins. Co., 283 Ill. 136, 119 N. E. 68, L. R. A. 1918D, 1196; Ramsey v. Old Colony Life Ins. Co., 297 Ill. 592, 131 N. E. 108; Northwestern Mutual Life Ins. Co. v. Pickering (C. C. A.) 293 F. 496; Jefferson Standard Life Ins. Co. v. McIntyre (C. C. A.) 294 F. 886; Jefferson Standard Life Ins. Co. v. Keeton (C. C. A.) 292 F. 53.

In Northwestern Mutual Life Ins. Co. v. Pickering, supra, the court said: "An effect of the provision in question was to fix a time limit for a contest of the policy by the insurer on a ground other than the nonpayment of premium. A contest so provided for imports litigation, the invoking of judicial action to cancel or prevent the enforcement of the policy, either by a suit to that end or by a defense to an action on the policy. A mere denial or repudiation by the insurer of its liability under the policy, accompanied by a tender of the premium paid, is not a contest, within the meaning of the provision." Certiorari denied, 263 U. S. 720, 44 S. Ct. 229, 68 L. Ed. 524.

In Great Western Life Ins. Co. v. Snavely, 206 F. 20, 124 C. C. A. 154, 46 L. R. A. (N. S.) 1056, this court said: "The incon-

testable clause in the present policy is very general, excepting nothing from its scope, and by the strong current of authority precludes any defense after the expiration of one year on account of false statements, warranted to be true, although they may have been made for a fraudulent purpose. This is true as spoken of the original policy. The grounds for its support are that insurance companies, in order to obtain business, represent that they will issue policies incontestable as to certain matters after a designated period and individuals negotiate with them on that basis. Furthermore, the clause constitutes in effect a short period of limitation, which it is perfectly competent for the parties to agree upon. While it is true that fraud vitiates all contracts, yet in contracts of the kind, where the beneficiaries are placed at a disadvantage because the dead cannot speak, it is not contrary to public policy for the parties to agree that the company shall be precluded upon the subject after some specific time, reasonable, within which to make investigation. The clause lends stability to the contract, and renders life insurance of greater value to the insured and beneficiary."

[2] If the clause in question is in effect a short period of limitation, it would seem that the running of that period can only be stopped by litigation in some form, and such is the clear weight of authority. The insured died February 5, 1923, and an administrator of his estate was not appointed until May 29, 1923. By reason of this fact there seems to be some contention that the period elapsing between the date of death and the date of the appointment of the administrator should at least be deducted in computing the time allowed for contesting the policy. If the policy was made payable to the estate or to the administrator, there would be force in this contention. The policy here, however, was payable to the wife as beneficiary; neither the administrator nor the estate had any interest therein, and the administrator was neither a necessary nor a proper party to a suit to annul it. Under such circumstances, it was utterly immaterial when the administrator was appointed, or whether one was ever appointed.

[3] The statutes of the territory of Hawaii provide that the standard policy shall contain a provision that the policy shall be incontestable not later than two years from its date, except for nonpayment of premiums. Revised Stats. 1925, § 3464 (3). And it is now contended that by reason of this provision the decision of the Supreme Court of

the territory was based upon a local statute, and that the construction given that statute by the local court should be accepted by this court. With this contention we are unable to agree. The action was based on a contract, not on a statute, and the contract derives its force and efficacy from the consent of the parties, not from any statute of the territory. As said by the court in Dunton v. Westchester Fire Ins. Co., 104 Me. 372, 378, 71 A. 1037, 1039 (20 L. R. A. [N. S.] 1058): "But the Maine standard policy, though its form is prescribed by statute, is not to be treated as a legislative enactment after it has been accepted by the parties, but as a voluntary contract, which, like any other, contract, derives its force and efficacy from the consent of the parties."

In Ebner v. Ohio State Life Ins. Co., 69 Ind. App. 32, 47, 121 N. E. 315, 319, the court said: "The stipulation here, while prescribed by statute, derived its force from the consent of the parties to it as a part of a contract; hence it should be construed as a contract, rather than a statutory provision; its origin, however, being kept in view."

In rendering judgment in favor of the beneficiary the trial court said:

"It is the contention of the defendant that because of the fraud practiced on it by the insured, the policy of insurance was void, and that in thus tendering to the beneficiary the premiums that had been paid and demanding a return of the policy, the defendant contested the policy as it had a right to do.

"The plaintiff, on the other hand, contends that the defendant could only have contested the policy, on the ground of fraud, by instituting, within one year from its date, some appropriate legal proceeding challenging its validity, and that merely tendering to the beneficiary the premiums that had been paid and demanding a return of the policy were not a contest within the meaning of the law.

"The weight of both reason and judicial authority in my opinion support the plaintiff's contention. The defendant having failed to contest the policy of insurance within one year after its date by instituting suit for that purpose is now estopped from questioning its validity."

A careful examination of the authorities has led us to the same conclusion.

The judgment of the Supreme Court of the territory is therefore reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.