## NEW YORK LIFE INS. CO. v. HURT et al.

Circuit Court of Appeals, Eighth Circuit.
September 30, 1929.

Nos. 8028, 8029.

William C. Michaels, of Kansas City, Mo. (Louis H. Cooke, of New York City, Henry I. Eager and C. A. Randolph, both of Kansas City, Mo., Richard E. Bird, of Wichita, Kan., and Meservey, Michaels, Blackmar, Newkirk & Eager, of Kansas City, Mo., on the brief), for appellant and plaintiff in error.

Arnold C. Todd, of Wichita, Kan. (Hal M. Black, of Wichita, Kan., on the brief), for appellees and defendants in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. April 28, 1924, the New York Life Insurance Company, appellant and plaintiff in error, issued a policy upon the life of Clayton L. Andrews payable "to the Executors, Administrators or assigns of the insured or to the duly designated beneficiary" (no other beneficiary was designated). May 6, 1924, Andrews assigned, in writing, to Robert W. Hurt and Elmer R. Hurt, appellees and defendants in error, all benefits thereunder, and duplicate thereof was promptly filed with appellant and plaintiff in error in accordance with its rules and regulations. June 28 or 29, 1924, Andrews died. Proofs of death were executed on July 1 and 2, 1924.

April 1, 1926, the above assignees filed an action at law on the policy in the United States District Court for the District of Kansas. The same day, summons was issued to the superintendent of insurance of Kansas and received by him on April 5, and the same day forwarded by mail to the home office of the company in New York.

April 7, 1926, the company filed its bill in equity, in the same court, praying cancellation of the policy for fraud. This action was against the assignees and against the widow, Minerva M. Andrews (as "the first person to be entitled to be named as administrator of the estate of the said Clayton L. Andrews, deceased"). The fraud alleged was that the application and the policy provided that the insurance should not take effect until delivery of the policy and payment of the first premium, and then only if the insured had not consulted with or been treated by any physician between the date of his medical examination and the delivery of the policy and payment of the first premium; that the medical examination was on April 12, 1924, and the delivery of the policy and premium payment were on May 7, 1924; that between such dates insured was suffering from a dangerous ailment (bladder papilloma), which caused or contributed to his death, and had, between such dates, consulted with and been treated by physicians; that the above was known to insured at the time the policy was delivered and the premium paid, but was not discovered by complainant until after the death of insured.

April 27, 1926, defendants filed a motion to dismiss the bill in equity because of insufficiency and because: "That on the first day of April, 1926, the said Robert Hurt and Elmer Hurt filed an action in this court, being Law No. 914, wherein the said New York Life Insurance Company is defendant and wherein the plaintiffs therein are seeking to recover from the said New York Life Insurance Company the sum of $5000.00 upon the insurance policy set forth and described in the plaintiff's bill in equity; that the plaintiff has by reason thereof, an adequate remedy at law."

May 12, 1926, the company answered the suit on the policy. Following a general denial, this answer copied the bill in equity, with such changes as made it suitable as an answer, praying rescission of the policy and that defendant be held free from all liability thereon "as against the plaintiffs in this ac-

tion, and as against Minerva M. Andrews and any and all persons claiming * * * under them or any of them. * * * "

May 14, 1926, the two causes were consolidated.

July 28, 1926, "motion and decree pro confesso" filed, for failure to answer the bill or to reply to the answer.

September 8, 1926, order pro confesso set aside and five days given to answer bill and to reply to answer.

September 10, 1926, answer filed to the bill. This answer denied that the policy was not in full force, and continued as follows:

"These defendants allege that the plaintiff commenced this suit in equity and filed its bill on the 7th day of April, 1926; that at said time and on said date there was pending in this court a suit at law wherein the defendants Robert Hurt and Elmer Hurt were plaintiffs, and the plaintiff herein, New York Life Insurance Company, a corporation, was defendant, and that said suit at law is now, has been ever since and prior to the 7th day of April, 1926, pending in this court, and involves the enforcement of the same policy of life insurance.

"The defendants further allege that the plaintiff New York Life Insurance Company had at the time of the commencement of this suit 'in equity and the filing of its bill an adequate remedy at law and by reason thereof is not entitled to and cannot maintain suit in equity against these defendants.

"Wherefore the defendants Robert Hurt and 'Elmer Hurt pray that the relief asked by the plaintiff be denied and that the plaintiff's bill in equity be dismissed for the reason that the plaintiff at the commencement of said suit in equity and at the time of the filing of its bill had and ever since has had an adequate remedy at law."

The same day, a reply was filed to the answer. This reply specifically denied that Andrews was suffering from bladder papilloma or any malady at the time of the application or of delivery of the policy; that, if he was so suffering, he had any knowledge thereof at such times; that such malady contributed in any wise to his death. It further pleaded that, if Andrews had had this malady and had misrepresented his condition in that respect, yet it had not contributed to his death, and therefore the policy was not avoided because the statutes of Kansas (Rev. St. Kan. 1923, § 40—330) provided as follows:

"Materiality of misrepresentation in obtaining policy. No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this state, shall be deemed material or render the policy void unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable."

The prayer of the reply was for denial to defendant of "the relief requested in its answer and cross-bill in equity" and for recovery on the policy.

November 23, 1926, the motion to dismiss the bill in equity was denied.

March 21, 1927, the causes came on for trial and a jury was impaneled and the case stated by plaintiffs. At this point, plaintiffs asked leave to file a motion for judgment on the pleadings in the suit on the policy and "thereupon the defendant asked leave to file a motion to be permitted to interpose and present its equitable defense to said law action and in its equity suit consolidated therewith before the submission of plaintiffs' case."

The jury was discharged, and the motions were filed the same day. The defendant's motion was as follows:

"Comes now 'the defendant in above entitled action and moves the Court that it be permitted to present its equitable defense to plaintiffs' action in above entitled case before submission of the plaintiffs' case and further that it be permitted to present to the Honorable Court its Equity Suit, being suit number 413–N in This Court and consolidated with this Law Action, before submission of Plaintiffs' case in this action.

"The defendant further moves the Court for the special relief prayed for in its Bill in Equity filed in its said Equity Suit consolidated herewith."

May 13, 1927, the court filed a memorandum opinion on the two above motions. After discussing the authorities, and particularly Peake v. Lincoln National Life Ins. Co., 15 F.(2d) 303 (this court), the opinion concluded as follows:

"Now, in the instant case, no contention is made but that by virtue of the assignment of the policy, which is absolute in its terms, the plaintiffs in this law action took the entire beneficial interest in the same, and this law action, as has been stated, had been instituted seven days before any attempt was made by the company to resort to its suit in equity. The above case is clearly intended as a definite holding that the word 'contest' employed in the incontestable clause of the policy in action means a legal contest but in a court having jurisdiction to hear and

determine definitely and conclusively the contest made, and that a suit in equity to cancel the policy could not be brought and maintained after the death of the assured when at the time the suit in equity was instituted an action at law is pending in a court of competent jurisdiction of which the insurance company is notified and in which it may have full, complete and adequate remedy by a defense at law therein.

"It follows, the motion to proceed to a hearing and decision of the suit in equity is denied because the court of equity is without jurisdiction to hear and determine the same on the bill presented or to grant the relief therein prayed.

"The motion for judgment in the law action must be sustained because the policy by its terms became incontestable.

"It follows, judgment will enter on the policy as prayed in the petition."

June 2, 1927, orders were entered in the two cases. In the equitable action, the order was a denial of complainant's motion to present its equitable action and equitable defense (in the law action) "for reasons set forth" in the above opinion; and the bill was dismissed "for the reason that complainant had, at the time it filed its bill in equity, an adequate remedy at law." The order in the law case was to sustain the motion for judgment on the pleadings and enter judgment on the policy.

From these two orders, a separate appeal and a writ of error are brought by the insurance company. The matters involved in both appeals have been argued, briefed, and submitted together.

In a carefully prepared opinion, the court states the reasons for the above rulings. The gist thereof is that the equitable action was a futile thing because brought after death of the insured and after the law action had been filed and was pending, and the answer was unavailing because filed after the contestable period under the policy.

■ There is a difference of decision as to whether the mode of "contest" contemplated in incontestable clauses of an insurance policy must be by legal action or may be by affirmative action outside of court. As to this, see N. Y. L. Ins. Co. v. McCarthy, 22 F.(2d) 241, 245 (C. C. A. 5); Rose v. Mutual L. Ins. Co., 19 F.(2d) 280 (C. C. A. 6); Scharlach v. Pac. Mut. L. Ins. Co., 9 F.(2d) 317 (C. C. A. 5); Chun Ngit Ngan v. Prudential Ins. Co., 9 F.(2d) 340 (C. C. A. 9); Jefferson Standard L. Ins. Co. v. McIntyre, 294 F. 886 (C. C. A. 5); Northwestern Mut. L. Ins. Co. v. Pickering, 293 F. 496 (C. C. A. 5); Mo. State L. Ins. Co. v. Crawford, 161 Ark. 602, 257 S. W. 66, 31 A. L. R. 93; N. Y. Life Ins. Co. v. Adams (Ind. App.) 145 N. E. 499; Powell v. Mutual L. Ins. Co., 313 Ill. 161, 144 N. E. 825, 36 A. L. R. 1239; Ramsey v. Old Colony L. Ins. Co., 297 Ill. 592, 131 N. E. 108; Joseph v. N. Y. Life Ins. Co., 219 Ill. App. 452, Id., 308 Ill. 93, 139 N. E. 32; North Amer. Union v. Trenner, 138 Ill. App. 586; Priest v. Kansas City L. Ins. Co., 119 Kan. 23, 237 P. 938, 41 A. L. R. 1100; Stiegler v. Eureka L. Ins. Co., 146 Md. 629, 127 A. 397; Repala v. John Hancock M. L. Ins. Co., 229 Mich. 463, 201 N. W. 465; Eichwedel v. Met. L. Ins. Co., 216 Mo. App. 452, 270 S. W. 415; Lavelle v. Met. L. Ins. Co., 209 Mo. App. 330, 238 S. W. 504; Stean v. Occidental L. Ins. Co., 24 N. M. 346, 171 P. 786; Parton v. Met. L. Ins. Co., 129 Misc. Rep. 493, 221 N. Y. S. 610; Travelers' Ins. Co. v. Snydecker, 127 Misc. Rep. 66, 215 N. Y. S. 276; Amer. Trust Co. v. Life Ins. Co., 173 N. C. 558, 92 S. E. 706; Mutual L. Ins. Co. v. Buford, 61 Okl. 158, 160 P. 928; Feierman v. Eureka L. Ins. Co., 279 Pa. 507, 124 A. 171, 32 A. L. R. 646; Thistle v. Equitable L. Assurance Soc., 149 Tenn. 667, 261 S. W. 667; Childress v. Fraternal Union, 113 Tenn. 252, 82 S. W. 832, 3 Ann. Cas. 236; 37 C. J. 540. There is also a difference of opinion within this circuit as shown by Peake v. Lincoln Nat. L. Ins. Co., 15 F.(2d) 303, 306, Great So. L. Ins. Co. v. Russ, 14 F.(2d) 27, 29, and Mutual L. Ins. Co. of N. Y. v. Hurni Packing Co., 280 F. 18, 20. We think that the great number and weight of authority favors the rule that such "contest" must be by or in judicial proceedings. That is the expression in the latest opinion in this court (the Peake Case, supra). Also we think it accords with reason. Therefore we declare such to be the rule of this court, in harmony with most other courts.

■ Obviously, such "contest" may be by an equitable action to cancel the policy or by answer in a suit brought to recover under the policy (37 C. J. 540) provided such action or such answer be filed within the contestable period. Here the equitable action was filed within such period, while the answer was not. Does the fact that the defense might have been made by answer, within the period, nullify the effect of filing the equitable action and thus deprive the company of the defenses set up in such action? We think not under the circumstances of this case. Here the law action on the policy was brought by the assignees thereof alone. The

policy was 'assignable, but was issued in favor of "The Executors, Administrators or Assigns of the Insured, or to the duly Designated Beneficiary." The company had the right to protect itself against all claims from any one upon the policy. In the law action, such protection was only against the assignees who were the only plaintiffs therein at the time. The only way in which it could be sure of complete protection was by bringing its equitable action and making the administratrix a party thereto. Once having initiated a contest by judicial proceedings within the contestable period, the effect of such contest was, unless thereafter waived, to give the company the benefit thereof in the future, in that or other actions, upon all and only such grounds as were set forth in such contest. It is not necessary that the company be successful in that particular action if the reason for such lack of success be other than a determination of the merits thereof.

The proper procedure under the circumstances here was to try the law case before acting upon the equitable action. In the trial of the law case, the equitable defense should have been first disposed of. In such disposition, the answer, if broader than the equitable action in its statement of grounds for cancellation of the policy might by appropriate proceedings of the parties and court be limited to such as were stated in the equitable action. If the law action resulted in judgment for plaintiffs, the equitable action could thereafter be dismissed.

The cases are reversed, with instructions to set aside the dismissal of the equitable action; to set aside the judgment in the law action and try such upon the merits of the pleading as now or hereafter framed; to otherwise proceed in accordance with this opinion.