IDA EICHWEDEL, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.*

St. Louis Court of Appeals.    Opinion Filed February 3, 1925.

1. **EXCEPTIONS: Instructions: Appellate Practice: Exceptions to Giving or Refusing Instructions: Time for Saving: Rule of Trial Court: Statute.** A rule of the circuit court providing that exceptions to adverse rulings during the trial including the giving and refusing of instructions will be considered as waived (and not saved as of course) unless expressly saved to each ruling at the time, which rule does not violate section 1459, Revised Statutes 1919, upheld, and where exceptions were not taken and saved to the giving and refusing of instructions at the time given or refused in compliance with such rule, *held* the instructions were not before the appellate court for consideration.

2. ———: ———: ———: ———: **Exceptions Properly Saved to Admission of Testimony: Reviewable.** Even though exceptions to the giving and refusing of instructions were not properly saved by appellant, yet where the record shows that exceptions to the admission of testimony were saved at the time and preserved in the motion for a new trial such rulings of the trial court were properly before the appellate court for review.

3. **INSURANCE: Life Insurance: Policy: Illinois Contract: Construction:** An Illinois insurance contract is governed by the laws of that State in its interpretation.

4. ——: ——: **Action on Policy: Incontestability Clause: Complied With: Defense of Fraud: Available after Contestable Period had Expired.** The incontestability clause in a life insurance policy *held* sufficiently complied with so as to permit insurer to interpose the defense of fraud and misrepresentations in the procurement of the policy after the contestable period had lapsed, where insurer had notified the beneficiary within such period that it would not be liable in view of the misrepresentations made by insured as to her health and the beneficiary in consideration of the repayment to her of premium released insurer from all liability under the policy.

---

*Headnote 1. Appeal and Error, 3 C. J., section 843; 2. Appeal and Error, 3 C. J., section 881; 3. Insurance, 32 C. J., section 7; 4. Life Insurance, 37 C. J., section 285 (1926 Anno).

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Anthony F. Ittner,* Judge.

AFFIRMED.

*James J. O'Donohoe* for appellant.

(1) The laws of Illinois are not involved here, only in so far as they are proven, for courts do not take judicial notice of the statutes of another State; they must be pleaded and proven. Rees v. Metropolitan Life, 251 S. W. (Mo. App.) 395; Stricker v. Metropolitan Life, 237 S. W. (Mo. App.), l. c. 896, cases cited. "In the absence of proof, the only assumption possible as to the statutes of a sister State is that they are like our own." Stricker v. Metropolitan Life, 237 S. W. (Mo. App.) 896, cases cited. But defendant's contentions are not tenable under either the law of Missouri or Illinois. (2) By introducing the policy in evidence and proving the death of the insured, plaintiff established a prima-facie case, and cast the burden on defendant of pleading and proving an affirmative defense. Menzenworth v. Ins. Co., 249 S. W. (Mo. App.) 113; Foster v. Ins. Co., 233 S. W. (Mo.

App.) 499; Gill v. Sovereign Camp of W. of W., 209 Mo. App. 62; Gruwell v. Nat. Council, 126 Mo. App. 496. (3) The court erred in giving to the jury defendant's requested instructions 1, 2, 3 and 4; and further erred in refusing to give plaintiff's requested instructions 1 and 2, for the following, amongst other reasons, namely: (a) At the time action was brought on the policy in question more than two years had elapsed from the date of policy, and under its terms it was then incontestable, although insured had died within the contestable period. Lavelle v. Metropolitan Life, 209 Mo. App. 330; Ramsay v. Ins. Co., 297 Ill. 592; Monahan v. Metropolitan Life, 283 Ill. 141; Lokie v. Metropolitan Life, 17 Illinois Review, Appellate Court Digest, June, 1922, p. 94; Mutual Life v. Hurni Packing Co., 263 U. S. 167; Same case, 280 Fed. 18; Jefferson Standard Life v. McIntyre, 294 Fed. 886; Mutual Life v. Rose, 294 Fed. 122; N. W. Mutual Life v. Pickering, 293 Fed. 496, citing approving Lavelle v. Metropolitan Life, 209 Mo. App. 330, writ of *certiorari* denied in 263 U. S. 720; Thistle et al. v. Equitable Life Soc., 261 S. W. (Tenn.) 667; Hardy v. Ins. Co., 180 N. C. 180; Ebner v. Ohio State Life, 69 Ind. App. 32; Reliance Life v. Thayer, 84 Okla. 238; Humpston v. State Mutual Life, 256 S. W. (Tenn.) 438; Plotner v. Ins. Co., 183 N. W. (N. D.) 1000; Mutual Life v. Buford, 61 Okla. 158; Am. Trust Co. v. Life Ins. Co., 173 N. C. 558; Missouri State Life v. Cranford, 257 S. W. (Ark.) 66. (b) Defendant neither averred nor proved that the alleged misrepresentations made by insured in his application for the policy were "willfully and knowingly made for a fraudulent or corrupt motive." Simpson v. Metropolitan Life, 263 S. W. (Mo. App.) 521. The statements of insured were made in good faith and without intent to deceive. Good health is a relative term and a matter of opinion. Defendant's medical examiner considered the applicant to be in good health. Good health means same condition of health as at the time of making application. Fid. Mut. L. Ins. Co., 111 Miss. 142; Metropolitan Life v. Moore, 117 Ky. 651; Johnson v.

Royal Neighbors, 253 Ill. 570. (c) Under the stipulation of the policy reading: "All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall avoid this policy or be used in defense of a claim hereunder, unless it is contained in the written application therefor and a copy of such application is securely attached to this policy when issued," the misrepresentation defense is not available. Livingston v. Union Central Life Ins. Co., 115 S. C. 128, 136. (d) Answers to compound questions in an application for insurance, true in part, do not invalidate the policy. Van Wormer v. Metropolitan Life, 188 Ill. App. 166; Baker v. McMurry Contracting Co., 282 Mo. 707, 708. And, while the application is made up of declarations, yet the same are in reality questions, "because the graphic form of the printing without punctuation at the end and with a blank space to be filled out indicates an interrogation rather than an assertion. Neither affirmation nor negation can be predicated upon a mere omission under these circumstances." Everson v. General Accid. & Assur. Corp., 202 Mass. 169, 177. Several questions propounded in the application are unanswered, and an "omission to answer is not, of course, or ordinarily, a negative answer, and merely founds a waiver of the answer by the insurer." Nugent v. Greenfield Life Assn., 172 Mass. 285, cases cited; Brown v. Greenfield Life Assn., 172 Mass. 498, 502. (e) Since there is no reference in the policy to the medical examination or the answers made to the medical examiner, same can lay no foundation for the defense of misrepresentations. Becker v. Colonial Life, 133 N. Y. Supp. 481. And the medical examiner's report is a part of the application. Raun v. Ins. Co., 129 Iowa, 725. (f) Whether a representation is material is a question for the jury and not for the court. Section 6142, R. S. 1919; Provident-Savings Life Assur. Soc. v. Hadley, 102 Fed. 856; Landes v. Ins. Co., 190 Pa. St. 536; Manufacturers & Merchants' Mut. v. Zeitinger, 168 Ill. 286; Mascott v. Ins. Co., 69 Vt. 116. Hence defendant's given

instructions are erroneous. (g) The defendant failed to prove that the policy would not have been issued had the real facts been known to it respecting which the alleged misrepresentations were made. Christian v. Ins. Co., 143 Mo. 460; Ritchey v. Insurance Co., 104 Mo. App. 146; Summers v. Ins. Co., 90 Mo. App. 691; Caldwell v. Ins. Co., 245 S. W. (Mo. App.) 602; Melville v. Business Men's Assur. Co., 253 S. W. (Mo. App.) 68. The medical evidence and records introduced by defendant should have been excluded, for they violate the privileged communication statute and the hearsay rule. Cradick v. Insurance Co., 256 S. W. (Mo. App.) 501; State ex rel. v. Tune et al., 199 Mo. App. 404, writ of *certiorari* quashed 276 Mo. 688; Hultzen v. Railroad, 159 Mo. App. 370, 376; Smart v. Kansas City, 208 Mo. 162. (5) The court erred in giving defendant's instruction No. 5 found on page 153 of the abstract, for a release based on return of premium is without consideration, void and of no binding effect. Stricker v. Metropolitan Life, 237 S. W. (Mo. App.) 894; Dodt v. Ins. Co., 186 Mo. App. 168; Jenkins v. Ins. Co., 79 Mo. App. 55. And since the amount of the policy was fixed and certain, release of the entire policy, even upon payment of part, would be without consideration and beneficiary might still sue and recover the residue, and that, too, without return or tender of the amount paid. Plews v. Burrage, 274 Fed. 885; Indiana D. & W. Ry. Co., 201 Ill. 154; Halslag v. Morse, 188 Ill. App. 608; Steinberg v. Schwartz, 219 Ill. App. 142; Woodbury v. U. S. Cas. Co., 284 Ill. 227; Carver v. Fraternal Citizens, 103 Kans. 824; N. A. Acc. Ins. Co. v. Miller, 193 S. W. (Tex. Civ. App.) 750; Sanford v. Royal Ins. Co., 11 Wash. 653; King v. Ry., 72 S. E. (N. C.) 801; Jones v. Commercial Trav. Mut. Acc. Assn., 114 N. Y. Supp. 589; Rocci v. Mass. Acc. Co., 222 Mass. 345; Harms v. Casualty Co., 172 Mo. App. 241; Biddlecom v. Assur. Co., 167 Mo. App. 581; Hausen v. Crawford, 130 Mo. App. 232; Crowder v. Casualty Co., 115 Mo. App. 535; Goodson v. Accident Ass'n, 91 Mo. App. 339.

*Fordyce, Holliday & White* and *Walter R. Mayne* for respondent.

*William J. Tully* of Counsel.

(1)   Appellant's bill of exceptions shows that appellant at the trial saved no exceptions to the decision of the court ruling on the giving and refusing of instructions.   There is nothing before this court but the record proper.   Therefore the verdict of the jury should be affirmed.   Tyon v. Wabash Railway Co., 207 Mo. App. 322; 3 Corp. Jur., sec. 802, p. 895; Idem, sec. 843, p. 954; Elliott's Appellate Procedure, secs. 785 and 786; State v. Stevens, 242 Mo. 439; State v. Pfeifer, 267 Mo. 23; State v. Reed, 143 Mo. App. 583; Ross v. Railroad, 141 Mo. 390; Stauffer v. Railroad, 243 Mo. 305; Ross v. Grand Pants Co., 241 Mo. 296; Hubbard v. Gates, 228 Mo. 610; Building Co. v. Hopkins, 204 Mo. 652-3; Mexico v. Barnes, 158 Mo. App. 612; McKee v. Dry Goods Co., 152 Mo. App. 241; Waller v. Railroad, 83 Mo. 608.   Nor does the act of the stenographer in noting an exception when none was really taken, nor any rule or custom or practice of the court dispensing with the taking and saving of the exception at the time of the ruling satisfy the law.   3 Corp. Jur., sec. 802, p. 898; Green v. Terminal R. R. Asso., 211 Mo. 18; Burdoin v. Town of Trenton, 116 Mo. 358; Kansas City v. Oil Co., 140 Mo. 458; Howes v. Colburn, 165 Mass. 385; Moore v. Royal Oak Lumber Co., 171 Mich. 400.   Rule 37 of the Rules of Practice of the Circuit Court, St. Louis, Missouri, provides: "Exceptions to adverse rulings during the trial, including the giving and refusing of instructions, will be considered as waived (and not saved, as of course) unless expressly saved to each ruling at the time, and no stipulation to the contrary will be recognized or held valid by the court." This rule was in force in Division No. 4 at the time of the trial of this case, and appellant's counsel was duly informed of such fact by a sign appearing in the court room to the same effect.   Tyon v. Wabash Railway Co., supra.

(2) From the evidence in the case the verdict and judgment was for the right party on the merits and the verdict of the jury should not be disturbed. Grohman v. Maccabees, 237 S. W. 875. (3) Where an insurance contract is negotiated, the policy is delivered and the premiums are paid in the State in which the insured resides, the policy is to be construed according to the laws of that State. Coscarella v. Metropolitan Life Ins. Co., 175 Mo. App. 130; Lange v. New York Life Ins. Co., 254 Mo. 488; Lewis v. N. Y. Life Ins. Co., 201 Mo. App. 48. (4) Where the answers to questions as to sickness or disease represented to be true are false and are material, they will avoid the policy. Bacon on Insurance (4th Ed.), sec. 289; Metropolitan Life Ins. Co. v. Moravec, 214 Ill. 186, 189; Neely v. Ins. Co., 199 Ill. App. 90; Herman v. Court of Honor, 193 Ill. App. 366; Crosse v. Knights of Honor, 254 Ill. 80, 84; Koteck v. Court of Honor, 152 Ill. App. 92; Jeffery v. United Order, etc., 87 Me. 176. A misrepresentation in an application for a policy of insurance of a matter which is material to the risk avoids the policy, even though it was not made in bad faith and for the purpose of deceiving the insurer. Lewis v. N. Y. Life Ins. Co., 201 Mo. App. 48; Smith v. Bankers Life Ins. Co., 157 Ill. App. 236; United States Fidelity & Guaranty Co. v. First National Bank, 137 Ill. App. 382, affirmed 233 Ill. 475; Cobb v. Covenant Mutual Benefit Assoc., 153 Mass. 176, 26 N. E. 230. The representations in the application for the policy in suit that the applicant had never suffered from the disease of cancer, that she had not been treated in a hospital or by any physician, were material to the risk because: (a) The contract of the parties expressly provided that such representations should be material. United States Fidelity & Guaranty Co. v. First National Bank, 137 Ill. App. 382, 388; Spence v. Central Accident Ins. Co., 236 Ill. 444, 449; Jeffries v. Life Ins. Co., 22 Wall 47, 54; Johnson v. Maine etc. Ins. Co., 82 Me. 182, 22 Atl. 107. (b) Matters specially inquired about in the application are always material. Spence v. Central Accident Ins,

Co., 236 Ill. 444; United States Fidelity & Guaranty Co. v. First National Bank, 137 Ill. App. 382, 388. (c) Such representations are material as a matter of law. Podelska v. Royal Neighbors, 192 Ill. App. 73; Crosse v. Knights of Honor, 254 Ill. 80; National Union v. Arnhorst, 74 Ill. App. 482; Kennedy v. Prudential Ins. Co., 177 Ill. App. 50; Van Woert v. Modern Woodmen, 151 N. W. 224 (N. D.); Germania Life Ins. Co. v. Klein, 137 Pac. 73 (Colo.); Righy v. Metropolitan Life, 240 Pa. 332, 87 Atl. 428; Schas v. Equitable Life, 166 N. C. 55, 81 S. E. 1014; Mutual Life Ins. Co. v. Mullan, 107 Md. 457, 69 Atl. 385; Sowiczki v. Modern Woodmen, 192 Mich. 265, 158 N. W. 891; Metropolitan Life Ins. Co. v. Solomito, 184 Ind. 722, 112 N. E. 521; Peterson v. Independent Order, 162 Wis. 562, 156 N. W. 951; Mutual Life Ins. Co. v. Leaksville, 172 N. C. 534, 90 S. E. 574. The evidence showed that the insured at the time of her application knew that the representations that she had never been treated for the disease of cancer and had not been in St. Joseph Hospital and Wycoff Heights Hospital for the treatment of any disease were false, and, knowing this, the representations were fraudulent and made for the purpose of deceiving appellant. Whitney v. West Coast Life Ins. Co., 169 Pac. 996 (Cal.); Schas v. Equitable Life Assurance Soc., 81 S. E. 1014 (N. C.). (5) Where a claimant releases any action he may have against an insurance company, the validity of the release is governed by the law of the State where it is executed and the contract completely performed. Woodbury v. Casualty Co., 284 Ill. 227. In an action at law a release under seal by a person of his cause of action is a complete bar unless its execution is shown to have been obtained by fraud, as such a release carries with it the presumption that it was executed for a valuable consideration, and, to impeach such an instrument for fraud relating to the consideration and not to its execution, resort must be had to a court of equity. Woodbury v. Casualty Co., 284 Ill. 227, 234; Jackson v. Security Life Ins. Co., 233 Ill. 161; Papke v. Hammond Co., 192 Ill. 631. (6) Under a provision of a

life policy that it shall be incontestable after two years from its date of issue, a letter written by the insurer to the beneficiary's attorney declining to pay on the ground of misrepresentation was a sufficient act of contest. Mutual Life Ins. Co. of New York v. Hurni Packing Co., 280 Fed. (8th Circuit, April, 1922) 18, l. c. 20.

NIPPER, J.—This is a suit on an insurance policy issued by the defendant, who is represented here, on the life of Mathilda Spearow, on the twenty-eighth day of January, 1913, in Chicago, Illinois, in the sum of $500. Plaintiff, a sister of the insured, was named as beneficiary. Mathilda Spearow died on the twenty-eighth day of May, 1913, and on July 24, 1913, defendant paid plaintiff the sum of $7.44, at which time plaintiff signed a release which provided that in consideration of the above sum plaintiff released and forever discharged the defendant from all claims and demands arising under and by reason of the policy in question.

Plaintiff's petition, after the usual allegations, alleged that the policy is an Illinois contract, and provides that said policy shall be incontestable (except for non-payment of premiums) after two years from its date; and pleaded certain decisions of the State of Illinois as holding that under the laws of such State the defendant is liable for the payment of the full amount of said policy less the $7.44.

The answer, after a general denial, sets up the affirmative defense that the insured, at the time of her application, represented that she never had the disease of cancer or tumor, and had had no physician attending her for cancer, and had been under treatment in no dispensary or hospital, and that such statements were false and untrue; that the insured had been suffering from the disease of cancer from the date of the application and prior thereto, and had been in certain hospitals under the care and treatment of physicians, and died from the disease of cancer; that defendant, after the death of insured, discovered these facts and compromised all claims

and demands of plaintiff for the sum of $7.44, at which time plaintiff executed the release above referred to; and further pleaded certain statutes and decisions of the State of Illinois.

Plaintiff's reply pleaded that defendant was estopped from asserting its defense by virtue of the laws and decisions of Illinois, and certain other matters which it is unnecessary to set out in the opinion.

At the time of the trial plaintiff's counsel tendered into court the amount that plaintiff had been paid by the defendant.

Plaintiff's son, a resident of the city of Chicago, Illinois, where his mother lived, testified that his aunt died on the twenty-ninth day of May, 1913. The policy in question was offered in evidence, and plaintiff rested. The court refused to give a peremptory instruction for defendant. When defendant offered its evidence, plaintiff's counsel objected to defendant offering in evidence the proofs of death, on the ground that, under the incontestability clause in the policy, defenses named in the answer, and all other defenses except the non-payment of premiums, which is not set up in the answer, should not be made or shown by defendant; and for the further reason that it is not claimed that the answers to certain questions were altogether false. Plaintiff's counsel also objected to the introduction of any evidence in the case on account of the incontestability stipulations in the policy.

The court overruled all these objections, and plaintiff's counsel duly saved his exceptions.

The defendant then offered evidence to show that deceased had been in two different hospitals in New York prior to the time she made application for this policy; and there was also evidence, as shown by depositions read in evidence by defendant's counsel, that she was operated on while in one of these hospitals, certain witnesses stating that they had visited the insured while she was in the hospital prior to the date of the application for insurance, and one doctor testifying that he had

operated on plaintiff; and there was evidence to show that for some time prior to the date of the policy she had suffered from cancer. In rebuttal, plaintiff's son testified that up to about nine days before insured's death she stayed at his mother's home, and worked at her business of dress-making. Other evidence will be refered to later in the opinion.

Certain instructions were given for the defendant, and all instructions requested by the plaintiff were refused. At the time the court gave and refused the instructions above referred to, plaintiff's counsel did not except to the action of the court in giving defendant's instructions, and in refusing those offered by plaintiff, but after filing a motion for new trial, and during the same term of court, plaintiff's counsel filed written exceptions to the action of the court in refusing to give instructions requested by plaintiff, and to the instructions given at the request of defendant. Respondent filed a motion to strike these exceptions from the files, and in support of this motion to strike out offered in evidence the rules of the circuit court in which the case was tried. The particular rule offered in evidence, and shown to be in force at the time the trial was had, is as follows:

"Exceptions to adverse rulings during the trial, including the giving and refusing of instructions, will be considered as waived (and not saved as of course) unless expressly saved to each ruling at the time, and no stipulations to the contrary will be recognized or held valid by the court."

The court thereafter overruled plaintiff's motion for new trial, and moved to strike from the files plaintiff's written exceptions. By stipulation of counsel, the bill of exceptions as contained in the appellant's abstract is to be considered as the bill of exceptions in this case.

Defendant's first contention on this appeal may as well be met first, that is, that plaintiff saved no exceptions, at the time, to the action of the court in giving and refusing certain instructions, and therefore there is nothing before this court but the record proper. Plain-

tiff's counsel answers this contention in his reply brief by the suggestion that under the law of this State an exception to the action of the court on instructions may be taken and saved any time before the abstract of the record is due in the reviewing court. Defendant, in support of its suggestion, cites and relies upon the case of Tyon v. Wabash R. Co., 207 Mo. App. 322, 232 S. W. 786, in which this court held that exceptions to rulings of the court must be saved at the time such rulings are made, and that such requirement cannot be satisfied or obviated by any rule or custom of the trial court to the contrary. However, in a later case our Supreme Court, in State v. Miller, 241 S. W. 920, held that a rule of court to the effect that all exceptions to adverse rulings would be considered saved as a matter of course, and such exceptions noted by the court reporter and inserted in the bill of exceptions, was within the right and power of the court to make, and would be upheld and followed as not in conflict but within the contemplation of the terms of the statute (Section 1459, R. S. 1919). But it must be borne in mind in the Miller case, supra, that the court was dealing with the question of whether or not such rule would be upheld as being within the terms and provisions of the statute. And such rule was upheld, because it was held that the rule did not violate the meaning and purpose of the statute. If such rule did not violate the meaning and purpose of the statute, then the rule of the circuit court above referred to and in force at the time of the trial of this case should also be upheld because it is not only a rule that in no way violates the terms of the statute, but is in more strict conformity therewith than the one dealt with in the Miller case. Therefore, we must rule that under the state of this record plaintiff's counsel did not properly save exceptions to the action of the trial court in giving defendant's instructions and in refusing to give those requested by him. But we do not agree with the contention of defendant's counsel that, even though this be true, there is nothing before us but the record proper, because plaintiff's counsel made long and vigorous ob-

jections to the introduction of the testimony offered by defendant, on the ground that such would be no defense, and would be inadmissible as a defense to plaintiff's cause of action. The objection to the admission of this testimony was properly preserved in plaintiff's motion for new trial, and is before us for review.

This brings us to the main question involved in this case under the present state of the record, and that question is: When the beneficiary (who is the plaintiff here) had been notified by defendant's representative that it would not be liable for the payment of the premium in view of the misrepresentations made by the insured as to her health, and plaintiff, in consideration of the repayment to her of the premium, signed and executed a release purporting to release the defendant from all liability and demands arising under the policy in question, was this a sufficient compliance with the incontestability clause in the policy so as to permit such defendant to interpose the defense which it undertook and did impose in this case? This being an Illinois contract, we are, of course, governed by the laws of the State of Illinois in its interpretation. There are cases in that State, and the law of Illinois unquestionably is, that a mere denial of liability by the insurer, accompanied by a tender of the premium, is not a sufficient contest within the meaning of the provisions of the policy in question, but there must be some affirmative action to cancel the policy, or a defense to a suit thereon. [Monahan v. Metropolitan Life Ins. Co., 283 Ill. 136; Ramsay v. Ins. Co., 297 Ill. 592; Powell v. Mutual Life Ins. Co., 313 Ill. 161, 144 N. E. 825.] This has been the interpretation placed upon the construction of the Illinois laws governing such a provision by the courts of this State, as will be seen by reference to the cases of Lavelle v. Metropolitan Life Ins. Co., 209 Mo. App. 330, 238 S. W. 504; and Mutual Life Ins. Co. v. Wiegmann (Mo. App.), 256 S. W. 505. Yet, in none of these cases was the court called upon to deal with just such a situation as we have here. It has been held in some instances that a mere notification by the insurance

company that it intended to rescind a policy, and a tender of the premiums, was a sufficient contest within the meaning of this clause in a policy, as will be noted by reference to the cases of Mutual Life Ins. Co. v. Hurni Packing Co., 280 Fed. 18; Mutual Life Ins. Co. v. Rose, 294 Fed. 122; and Feierman v. Eureka Life Ins. Co., 279 Pa. 507.    However, we are not particularly concerned with the last-cited cases, because we are governed by the construction placed upon this form of policy by the Illinois courts.   These cases, however, are instructive, and especially the case of Mutual Life Ins. Co. v. Rose, supra, in view of the fact that none of the Illinois cases deal with exactly the same situations which we have here.

In Powell v. Mutual Life Ins. Co., supra, the last pronouncement of the Supreme Court of Illinois on this subject after reviewing the authorities, it was held that an "unaccepted" offer for rescission or an attempt to rescind is insufficient, and that the insurer must rescind during the two-year period by some affirmative action before a proper tribunal or by defense to a suit on the policy.   In the instant case we have a solemn, written declaration by the beneficiary that she releases the insurer from all liability or claims under the terms of the policy.   When such release was executed, what more could the insurer do toward a cancellation of the policy? The written release had been signed by her, and the policy returned to the insurer.    Surely the insurer, in order to avail itself of the right to contest within the two-year period, should not be required to do an apparently useless and unnecessary thing by bringing suit to cancel the policy, when the beneficiary therein had signed a written release and returned the policy to the insurer. This is not a case of a notice of intention to rescind and an offer of return of the premiums, but the premium paid was returned, a written release was executed, and the policy actually canceled by the insurer.   This, it seems, would certainly constitute "affirmative action" and an accepted offer for rescission so as to entitle the defendant

216 M. A.—30

to interpose the defense of fraud and misrepresentations in the procurement of the policy after the two-year period had elapsed and suit had been brought by the beneficiary. We do not undertake to hold that this release was valid and binding on the beneficiary, but we think that under the facts of this case defendant should be permitted to offer the evidence and make its proof to sustain its defense, and that we should not hold, as a matter of law, that such evidence was inadmissible upon the face of the pleadings.

There are other objections made to the admission of certain testimony by plaintiff, but such are without merit, and all the questions of fact involved in the case were submitted to the jury under instructions which, as we have heretofore held, are not before us for consideration.

It follows from what has been said that the judgment should be affirmed. It is so ordered. *Daues, P. J.,* and *Becker, J.,* concur.