### NATIONAL LIFE & ACCIDENT INS. CO. v. WIGLEY.*

#### No. 10272.

Court of Civil Appeals of Texas. Galveston.

July 15, 1936.

Rehearing Denied July 23, 1936.

Battaile & Burr, of Houston, for plaintiff in error.

Berry, Stevens & Berry, of Houston, for defendant in error.

LANE, Justice.

On September 14, 1931, the National Life & Accident Insurance Company issued to Ruth U. Wigley, wife of Jasper Wigley, its policy of life insurance for the sum of $432; Jasper Wigley being named as beneficiary therein. The insured died on the 49th day after such policy was issued and delivered. Proof of death was timely and duly made to the insurer, and it denied liability thereon.

On the 18th day of January, 1932, Jasper Wigley brought suit against the National Life & Accident Insurance Company to recover upon the policy mentioned, together with penalties allowable by law.

The defendant company answered, alleging among other things the following: "For special answer, if such be necessary, the defendant says that under the terms and provisions of the policy, which contains the entire agreement between this defendant and the insured, the deceased wife of this plaintiff, no obligation was assumed by this defendant prior to the date of the issuance of the policy involved in this cause, nor unless on the date of the issuance of said policy the insured was alive and in sound health; and in this connection this defendant alleges the fact to be that the insured under the policy in this cause was not in sound health prior to and/or when said policy was issued to insured, and therefore said policy never became effective, and no binding obligation on the part of the defendant company arose thereunder, and that defendant tendered a return of the premiums paid to the plaintiff, which were refused by plaintiff."

The cause was tried, resulting in the rendition of judgment against the defendant. Such judgment was later set aside on motion of defendant and a second trial was had, at which time defendant again answered as upon the first trial. This second trial was had on the 7th day of July, 1933. Before judgment was rendered at such trial the plaintiff, Wigley, took a nonsuit.

Thereafter, on the 11th day of April, 1934, Jasper Wigley instituted the present suit to recover upon the same policy involved in the suit in which the nonsuit was taken.

On August 16, 1934, the defendant filed its answer in which it again asserted the matters alleged in the answer filed in the first action, viz., that the insured, Ruth U. Wigley, was not in sound health at the time the policy was issued, and that the policy never became effective, and further averred that this was the same defense that it had asserted in suit in which the plaintiff took a nonsuit on the 7th day of July, 1933. Defendant in its answer further averred as

---

*Further rehearing denied Oct. 1, 1936.

follows: "In connection with the foregoing plea, this defendant further avers that the plaintiff in this cause did, on the 18th day of January, 1932, file a suit in the County Court at Law of Harris County, Texas, against this defendant, involving the same matters and issues as are involved in the case at bar; that said cause was styled Jasper Wigley v. National Life and Accident Insurance Company of Nashville, Tennessee, docketed in this court as Cause No. 33,333, in which cause of action plaintiff sought recovery on the very policy of insurance in suit here; that due notice of citation was had upon this defendant and this defendant answered said cause, in which answer it then and there interposed the very defenses herein interposed; that said answer was filed in said preceding cause on or about April 2, 1932, and was designated the defendant's First Amended Original Answer; that said cause proceeded to trial and a judgment was rendered against this defendant thereon; that subsequent thereto said judgment was set aside on motion of this defendant, and the second trial of said cause was had, at which time the foregoing defenses were set up and asserted by this defendant, which second trial was had on or about the 7th day of July, 1933, and at the conclusion of the testimony, during the argument of counsel for defendant on a motion to enter judgment in its favor, plaintiff then and there in open court took a non-suit and said cause of action was dismissed at plaintiff's cost; that subsequently thereto this suit was instituted on the 11th day of May, 1934."

This case was tried before the court without a jury. Findings of fact and conclusions of law were filed by the court. Among other findings, the trial court found that the insured, Ruth U. Wigley, was not in sound health at the time the policy was issued. Nevertheless, he concluded as a matter of law that Jasper Wigley was entitled to recover upon the policy, notwithstanding the fact that the defendant had asserted the same defenses which it had interposed in the former suits upon the said policy, and in which the court entered a nonsuit at the plaintiff's request. The trial court concluded as a matter of law that the defendant insurance company was not entitled to urge as defense to the present suit the fact that Ruth U. Wigley was not in sound health at the time the policy was issued, because said defense was not urged in the case within two years from the date of

issuance of the policy, as required by article 4732, subdivision 3, of Texas Revised Statutes 1925, and that the taking of the nonsuit in the former suit left the parties to the present suit in exactly the same position that they would have been had the former suit never been filed.

Upon such findings of fact and conclusions of law the court rendered judgment for the plaintiff against the defendant for the sum of $432, the face of the policy, together with 12 per cent. penalty thereon, amounting to $51.84, and an attorney's fee of $50, a total sum of $533.84, to bear interest at 6 per cent. from date of judgment. From such judgment defendant has appealed.

We agree with appellant's contention that the decision as to whether the trial court erred in rendering judgment for appellee depends solely upon the construction to be placed upon subdivision 3 of article 4732 of our Revised Civil Statutes, which the law requires shall be inserted in all policies of life insurance issued in this state. Said subdivision reads as follows: "3. That the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for non-payment of premiums; and which provision may or may not, at the option of the company, contain an exception for violations of the conditions of the policy relating to naval and military services in time of war."

The section quoted appears substantially in the policy under consideration.

Appellant's first, second, and third propositions present as cause for reversal of the judgment the following:

"First. Where a suit upon an insurance policy is begun by the beneficiary within two years from date of issuance of the policy, and the Insurance Company answers said suit and within two years contests its liability upon the ground that the insured was not in sound health when the policy was issued, and therefore under the contract it is not bound, such policy is contested within the meaning of article 4732, Revised Civil Statutes, although no affirmative relief be applied for by way of cancellation.

"Second. The provisions of article 4732, subdivision 3, have been met when a specific defense is asserted within two years of the date of the policy of insurance, to a suit brought thereon, and such defense is

available upon the same policy in a subsequent suit brought upon the same policy even though the first suit is non-suited by the plaintiff, unless the defendant has voluntarily abandoned such defense.

"Third. No binding insurance contract is effected between the parties where it is shown the insured was not in sound health on the date of its issuance, and it is agreed in the policy, and made a condition precedent that no obligation is assumed thereunder unless on date of issuance the insured be in sound health, and upon the showing of such facts judgment should have been rendered for the Insurance Company."

We sustain all of appellant's propositions.

As already shown, the policy involved was issued on the 14th day of September, 1931, and the insured died on or about the 49th day thereafter; that, though the beneficiary named in the policy made due proof of death of the insured and had paid all premiums due, the insurer denied liability on the policy; that, after such denial, said beneficiary filed suit on the 18th day of January, 1931, about two months after the death of the insured, to recover on the policy; that in such suit, filed less than two years from the date of the issuance of the policy, the insurance company filed its answer denying liability on the policy, and alleging that the same was void, in that under the terms and provisions thereof no obligation was assumed by the insurance company prior to nor at the time of the issuance of the same, for the reason that the insured was not, as she represented herself to be, in sound health prior to nor at the time the policy was issued, and therefore the policy never became effective, and no binding obligation arose thereby on the part of the company issuing the same. Defendant's prayer was that it be adjudged to go hence without day and for general relief.

Upon such trial judgment was rendered for the plaintiff against the defendant. Such judgment was later set aside on motion of defendant.

On the 7th day of July, 1933, less than two years from the date of the issuance of the policy, the cause was again called for trial, and the defendant answered as in the first trial. Upon this second trial, during the argument of counsel and before judgment was rendered, the plaintiff took a nonsuit; thereafter, on the 11th day of April, 1934, a date more than two years after the issuance of the policy, the beneficiary under the policy instituted a new suit—the present suit on the policy. The defendant insurance company again answered as in the former suit, alleging that the policy was obtained by means of false representations made by the insured as to her health at the time the policy was issued, and therefore no obligation arose under the policy against defendant.

The case being tried before the court with a jury, upon the close of the evidence judgment was rendered for the plaintiff as hereinbefore stated.

Upon request therefor the court filed his findings of fact and conclusions of law.

The court found as a fact that Ruth U. Wigley, the insured, was not in sound health at the time the policy was issued.

As a conclusion of law upon which he rendered judgment for the plaintiff, the court states as follows:

"I conclude, as a matter of law, that notwithstanding the fact that cause No. 33333 was filed and a non-suit taken, that the defendant was not entitled to urge as a defense to this suit No. 37154 the fact that Ruth U. Wigley was not in sound health at the time the policy was issued, because said defense was not urged in this case for more than two (2) years after the policy was issued.

"In other words, I conclude, as a matter of law, that the taking of the non-suit in cause No. 33333 left the parties to this cause No. 37154 in exactly the same position that they would have been had cause No. 33333 never been filed."

In reply to appellant's contention that it had by its denial of liability and its several answers contested the validity of the policy within two years from the date of its issuance, appellee takes the position that such denial and answers constituted no sufficient contest of the validity of the policy; that, to have a policy canceled for such fraud as is alleged by the defendant in the present case, a direct proceeding therefor by a direct suit or by a cross-action must be taken within two years from the date of the issuance of the policy; that, the insurer having instituted no such action within two years from the date of the issuance of the policy, it became incontestable under the laws of Texas, and hence the defendant, appellant here, cannot defeat its obligation assumed under the policy on the ground that the insured falsely represented

to the insurer at the time the policy was issued that she was in sound health. Appellee argues that the courts of Texas have unanimously held that a life policy issued in Texas is incontestable after the lapse of two years from the date of such policy, except for the specific statutory exceptions, and in support of such contention he cites many authorities.

Such contention is so well settled that it cannot be successfully questioned. But such authorities have no application to the issue presented by appellant in the present case. Appellant admits that the point of law involved in the present case is an open one in Texas, but says that the courts of Maryland, Pennsylvania, and Missouri hold that such denial of liability and answers of appellant in the present case made within the contestable period does constitute a contest within the meaning of the incontestable clause, such as is prescribed by our statutes, citing Stiegler v. Eureka Life Ins. Co., 146 Md. 629, 127 A. 397; Feierman v. Eureka Life Ins. Co., 279 Pa. 507, 124 A. 171, 32 A.L.R. 646; Eichwedel v. Metropolitan Life Ins. Co., 216 Mo.App. 452, 270 S.W. 415; Mutual Life Ins. Co. v. Hurni Packing Co. (C.C.A.) 280 F. 18, affirmed 263 U.S. 167, 44 S.Ct. 90, 68 L. Ed. 235, 31 A.L.R. 102; Mutual Life Ins. Co. v. Rose (D.C.) 294 F. 122.

In the case of Powell v. Mutual Life Ins. Co., 313 Ill. 161, 144 N.E. 825, 828, 36 A.L.R. 1239, it is said: "But it is argued that in case of death and suit on the policy started within two years, where the insurer has filed pleas within the two years, the beneficiary may dismiss his case and bring another after the two-year period has expired, when the insured cannot plead his defense of fraud. This cannot be. Filing such pleas within the two years stops the running of that period, and, where not voluntarily withdrawn, renders available in a later suit on the policy the defense set out in such plea. The insurer has by such pleas complied with the 'incontestable' clause, and it will avail the beneficiary nothing to dismiss his suit."

In Ætna Life Ins. Co. v. Daniel, 328 Mo. 876, 42 S.W.(2d) 584, 587, the Supreme Court of Missouri said:

"The holding in Powell v. Mutual Life Insurance Company, supra, appeals to us as based on sound reason and justice. If the beneficiary brought an action on the policy within the contestable period, and the insurer, within such period, tendered therein a defense it was then entitled to make, and the beneficiary dismissed such suit and after the expiration of the contestable period brought another suit on the policy, the beneficiary should then in reason and justice be held to be precluded from asserting that the insurer had not contested the policy within the time prescribed.

"Certainly no court would permit a litigant thus by his own act to deprive his adversary of a valid defense which such adversary had timely offered. And we agree with the Illinois Supreme Court that, by thus filing its plea within the contestable period, such plea not being voluntarily withdrawn, the insurer would have 'complied with the "incontestable" clause,' and would be entitled to set up such defense in any subsequent suit brought by the beneficiary on the policy."

In Thomas et al. v. Metropolitan Life Ins. Co., 135 Kan. 381, 10 P.(2d) 864, 865, 867, 85 A.L.R. 229, it is said: "If an insurance company can be maneuvered out of a defense of fraud which is timely interposed to a suit on an insurance policy by the plaintiff permitting or causing his suit to be dismissed, to be recommenced after the 2-year period of incontestability has ended, a clever but not very ethical practice of evading an issue of fraud in procuring insurance policies has been discovered."

In New York Life Ins. Co. v. Hurt, 35 F.(2d) 92, 95, it was said by the Circuit Court of Appeals: "Obviously, such 'contest' may be by an equitable action to cancel the policy or by answer in a suit brought to recover under the policy * * * provided such action or such answer be filed within the contestable period. * * * Once having initiated a contest by judicial proceedings within the contestable period, the effect of such contest was, unless thereafter waived, to give the company the benefit thereof in the future, in that or other actions, upon all and only such grounds as were set forth in such contest. It is not necessary that the company be successful in that particular action if the reason for such lack of success be other than a determination of the merits thereof."

The holdings in the Powell, Daniel, Thomas, and Hurt Cases, from which we have quoted, to our minds announce

sound rules of law under the facts stated, which were similar to the facts of the present case. Indeed, the rule stated appeals to us as being based, not only on sound reason,, but also on justice. Wherefore we are constrained to follow such rules and hold that appellant had contested the policy involved within the contestable period.

Having reached the conclusion stated, it becomes our duty to reverse the judgment of the trial court unless it may be affirmed upon appellee's contention that it should be presumed, in the absence of a showing that appellant tendered the return of the premiums paid on the policy, no rescission could be had by it. He announces the well-established rule that one who seeks to rescind a contract for fraud must as a condition precedent return to the alleged defrauder the consideration which the defrauder has paid him; in other words, that he who seeks equity must do equity. So contending, appellee. says that there is no finding that the insurer ever tendered the plaintiff a return of the premiums paid on the policy, nor any request made for such finding, and in such circumstances it should be presumed that such issue was resolved against the party complaining, and the judgment affirmed.

The answer to appellee's contention is this: No such presumption as he contends for can be indulged, in view of the explicit and plain finding and conclusion of the court that he based the judgment solely upon a finding that the insurer did not contest the validity of the policy within the contestable period as fixed by law and the terms of the policy. The case was tried and the judgment rendered upon the theory alone that the insurer did not contest the policy within two years from the date of its issuance of the policy. Appellee cannot try the case on one theory and have judgment entered in his favor and have such judgment affirmed on a different theory.

In view of the fact that the case was not fully developed, in that it is not shown whether defendant did or did not tender the return of the premiums paid on the policy, we think the judgment should be reversed and the cause remanded for another trial upon the issue last mentioned, and it is accordingly so ordered.

Reversed and remanded.