Adam E. Patterson, Nellie Patterson and Bessie Smith, Appellees, v. Manhattan Mutual Automobile Casualty Company, Appellant.

Gen. No. 43,485.

Opinion filed June 28, 1946. Released for publication July 13, 1946.

WALTER A. CHRISTOPHER and WYATT JACOBS, both of Chicago, for appellant.

ELLIS & WESTBROOKS and DEFRANTZ WILLIAMS, both of Chicago, for appellees; ADAM E. PATTERSON and DEFRANTZ WILLIAMS, both of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

In a trial before the court without a jury defendant was found guilty and plaintiffs' damages were assessed at $2,500. Defendant appeals from a judgment entered upon the finding.

Prior to the instant proceeding plaintiffs had recovered judgments by default for $4,750 against one Henry Smith for personal injuries sustained by them in an accident that occurred on May 31, 1940, at 11:30 o'clock, p. m., Central Standard time, or 12:30 a. m., June 1, 1940, "Chicago Daylight Savings time." The instant proceeding was brought by plaintiffs against defendant insurance company under its statutory motor vehicle policy in the sum of $2,500 that it had issued to Smith. The policy provides, *inter alia:*

"In Consideration of the required premium and for the term herein specified, Does Hereby Insure and Indemnify Henry Smith, Address 4328 Indiana Avenue, Chicago, Illinois, as owner, against liability for any injury to or death of any person resulting from the negligence of such owner or of his or its agent or agents, from twelve o'clock midnight of the 3rd day of April A. D. 1940, until twelve o'clock midnight of the Thirty-First day of December A. D. 1940, *Central Standard Time,* in the operation of the following described motor vehicle or vehicles:

| "Name of Manufacturer | Factory No. | Motor No. | State License No. |
|---|---|---|---|
| Plymouth | 10963786 | P10–119550 | 1–152–611" |

(Italics ours.)

The policy also contained this provision:

"This policy cannot be cancelled without giving ten days' notice in writing of such cancellation to the said owner and to the Secretary of State of the State of Illinois, either by delivery of such notice personally or by registered mail."

On May 21, 1940, defendant served the following cancellation notice:

"Please take notice that Policy No. 1515 issued to Henry Smith by Manhattan Mutual Automobile Casualty Company is hereby cancelled, effective on the 31st day of May 1940 at 12:00 o'clock midnite.

"Manhattan Mutual Automobile Casualty Company
"By J. B. Veitch
"Date May 21, 1940"

The sole contention of defendant is that "defendant's motor vehicle policy was not in full force and effect at the time of the happening of the accident"; that the trial court erred in holding that the date and hour of cancellation expressed in the notice was controlled by Central Standard time; that the trial court should have held that by general business custom in the City of Chicago the term midnight meant twelve o'clock Daylight Savings time. We find no merit in this contention. The policy provides that the contract did not expire "until twelve o'clock midnight of the Thirty-First day of December A. D. 1940, *Central Standard Time.*" (Italics ours.) When defendant cancelled the policy, as it had a right to do, under its terms and fixed the time of the expiration in the following language: "effective on the 31st day of May 1940 at 12:00 o'clock midnite," without designating a different kind of time than that stated in the policy, Central Standard time controlled the hour of the expiration. The so-called Daylight Savings provision in the Municipal Code of Chicago, Sections 193–33–34–35, was in

operation on May 21, 1940, the day the notice was given, and if defendant at that time considered that that provision controlled its policy in the matter of time it would have stated in the notice that the contract expired at twelve o'clock midnight of May 31, 1940, Daylight Savings time. It seems clear that the contention of defendant is a mere afterthought. The so-called Daylight Savings provision in the Municipal Code of Chicago applies only to the corporate business of the municipal government. Defendant admits that it has been unable to find any Illinois decision that sustains its point, but it contends that there are decisions of certain of the sister States that support its position. As to these decisions it is only necessary to say that cases that involve contracts of insurance in which the standard of time is not fixed and it became necessary for the courts to determine what standard of time was intended by the contract, have no application to the instant case. *Brookson Distillers, Inc. v. United States Casualty Co.*, 315 Ill. App. 235, supports the contention of plaintiffs that the instant case is governed by Standard Time. The opinion in that case was written by Mr. Justice McSurely. There the defendant issued to the plaintiff a combination robbery (hold-up) insurance policy. On May 6, 1938, the plaintiff therein was engaged in the wholesale liquor business in Chicago and had in its employ one Charles Brooks, whose duties consisted in selling merchandise and making collections, and during the course of his employment he was held up and money and checks amounting to $267.63 and his automobile were taken from him. The defendant claimed that it was not liable because the loss did not occur within the hours of employment covered by the policy, and it cited a provision in the policy which covered an ''outside messenger'' (such as Brooks) between the ''hours 7 a. m. to 12 midnight.'' The policy provided that ''The Policy Period shall be from September 24th,

1937 to September 24th, 1938, at 12 o'clock noon, standard time . . . ." Brooks testified that the robbery occurred at 11:35 p. m. daylight saving time on the evening of May 6, 1938. The defendant introduced evidence of persons connected with the police department to the effect that they were notified by telephone of the robbery about 12:31 a. m., May 7, but Mr. Justice McSurely stated that this testimony was weakened by the fact that the police report showed that the report was received at 11:31 p. m. and that the report was subsequently changed to read 12:31 a. m., but he held that in any event the finding of the trial court that the robbery took place at 11:35 p. m. would not be disturbed. The opinion then states:

"It is admitted that there was in force in the City of Chicago at this time what is termed a 'daylight saving time' ordinance, which, during the summer months, advances the time one hour beyond standard time. Plaintiff makes the point that the policy says that the time covered is 'standard time,' and that if, as the police department testified, the loss occurred about 12:30 daylight saving time, this would be the same as one hour earlier, or 11:30 standard time, hence covered by the policy. It is well settled that if there is any ambiguity in an insurance policy, that construction will be adopted which favors the insured. *Joseph v. New York Life Ins. Co.*, 308 Ill. 93.

"The court could properly conclude that even if the holdup occurred at 12:30 midnight, daylight saving time, this would be 11:30 standard time, hence covered by the policy.

"For the reasons indicated the judgment is affirmed."

Defendant seeks to avoid the effect of the foregoing opinion by arguing that the decision was based upon the theory that if there was ambiguity in the contract the construction would be adopted that favored the policyholder. We have taken occasion to examine the

brief filed by the defendant in the *Brookson Distillers, Inc.* case, *supra,* and we find therein the following: "On the last Saturday of April, 1938, by ordinance, the City of Chicago observed 'Daylight Savings Time' and at the time the loss occurred this time was in effect and was the official time for the transaction of all business, public and private. . . . The time for which coverage was extended under the terms and provisions of the policy contract issued to the plaintiff had expired at 12:00 midnight Daylight Savings Time and did not cover the loss sustained by the plaintiff company."

Defendant makes the somewhat surprising point that the cancellation notice was an extraneous document, separate and aside from the policy, and that the words in the cancellation notice, "effective on the 31st day of May 1940 at 12:00 o'clock midnite," are not to be interpreted by the policy; that it introduced evidence tending to prove that by custom and usage in the City of Chicago the Daylight Savings time prevailed at the time in question and therefore the cancellation notice should be interpreted in accordance with that custom and usage. There is, of course, no merit in this contention. The right to cancel the contract is given by the policy, which also fixes the manner in which the cancellation shall be made. This court will take judicial notice of the fact that the railroad companies and some commercial enterprises did not operate under Daylight Savings time. While, as Mr. Justice McSURELY stated in his opinion: "It is well settled that if there is any ambiguity in an insurance policy, that construction will be adopted which favors the insured. *Joseph v. New York Life Ins. Co.,* 308 Ill. 93," we do not think that there is any ambiguity in the insurance policy nor in the cancellation notice in the instant case. In our opinion this appeal presents a very plain case. Mr. Justice McSURELY thought that the *Brookson Distillers, Inc.* case was

such a simple one that the opinion was published in abstract form.

The judgment of the Superior court of Cook county should be affirmed and it is accordingly so ordered.

*Judgment affirmed.*

SULLIVAN, P. J., and FRIEND, J., concur.