STATE EX REL. GERST BROTHERS MANUFACTURING COMPANY, A COR-
PORATION, RELATOR, v. ERWIN G. OSSING, JUDGE OF THE CIRCUIT
COURT, CITY OF ST. LOUIS, RESPONDENT.*—7 S. W. (2d) 428.

St. Louis Court of Appeals.   Opinion filed June 19, 1928.

*Corpus Juris-Cyc. References:  Appeal and Error, 3CJ, p. 969, n. 45,
46; Courts, 15CJ, p. 901, n. 12.

*Banister, Leonard, Sibley & McRoberts* and *F. P. Aschemeyer* for
relator.

*Mark D. Eagleton* and *James A. Waechter* for respondent.

NIPPER, J.—This is an original proceeding in mandamus, brought
to compel one of the circuit judges of the city of St. Louis to sign
a bill of exceptions.  Objection was made to the signing of the bill
of exceptions on the ground that there was in fact, no exceptions
taken to the action of the trial court in overruling a motion for a
new trial.  The trial judge, in refusing to sign the bill of exceptions,
certified that he refused to sign said bill because after the motion

for a new trial was overruled the losing party made no effort to perfect an appeal during the term, and in fact, saved no exceptions to the overruling of the motion for a new trial.

Our alternative writ was issued, and in the return and answer filed, the issues are narrowed down to the proposition as to whether or not it is necessary to except to the action of the trial court in overruling a motion for a new trial, at the time such motion is overruled. The relator alleges that at the time such motion for a new trial was overruled, there was a practice and custom of long standing in the circuit court of the city of St. Louis, for lawyers not to appear in the respective divisions of said circuit court on decision days, but to secure the decisions and rulings from the published minutes of said circuit court, as published in a certain paper called the Daily Record, and that there was and had been in effect for some years a custom and rule of practice, well known to all the judges of said circuit court, and members of the bar, to the effect that such an exception to an adverse ruling on a motion for a new trial was considered saved as a matter of course, the exceptions to be noted by the reporter transcribing the testimony, and inserted in the bill of exceptions.

These allegations were denied, and it became a question of fact as to whether or not there was such a rule and custom existing in the circuit court of the city of St. Louis, of the kind and character alleged by the relator. We heard the testimony of some of the judges of the circuit court on this matter, and it appears from such testimony, that the prevalent rule of practice in the circuit court of the city of St. Louis, is that such exceptions may be considered saved as a matter of course, and that the bar of the city so understands such to be the rule and practice. It is well settled in this State that courts have the power to prescribe rules of practice to regulate the proceedings in such courts, and that such rules are enforceable, and must be adhered to if they are reasonable and in harmony with the law.

In State ex rel. Brockman Mfg. Co. v. Miller, 241 S. W. 920, our Supreme Court had this question before it, identical in character, with the exception that it was conceded in that case that such a rule had been promulgated in the circuit court of the city of St. Louis. In the case before us, the evidence discloses that there is no written rule of court to that effect, but it is a general practice and custom, and has been for some time, that such exceptions may be considered saved as a matter of course. The mere fact that such rule had not been put into the form of a written rule, would not, in our opinion, change the situation.

In Eichwedel v. Metropolitan Life Ins. Co., 216 Mo. App. 452, 270 S. W. 415, we had before us a rule to the effect that exceptions to adverse rulings during the trial, including the giving and refusing of instructions, will be considered waived unless expressly saved to each ruling at the time, and that no stipulation to the contrary would

450

be recognized or held valid by the court. We upheld this rule as not being in conflict but in conformity with the statute. In the present case, we have a rule to the opposite effect, and more nearly like the rule referred to in the Miller case, supra. It is evident that some such a rule as the one in question would be almost a necessity in the circuit court of St. Louis. It would work a very great hardship if lawyers were compelled to be in court, or watch all proceedings so closely that it would be necessary for them to be present in court and save their exceptions to the overruling of a motion for a new trial. The rule that such is not necessary is such a rule as naturally grows out of the very necessity of the practice. This would not be in violation of the statute, nor would it in any way injure the adverse party, or deny him any right to which he would otherwise be entitled.

Having found that such a rule or custom exists, it necessarily follows from the ruling in State ex rel. Brockman Mfg. Co. v. Miller, supra, that it should be enforced and adhered to. It follows from what has been said that our alternative writ should be made peremptory. It is so ordered. *Daues, P. J.*, and *Becker, J.*, concur.

